**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| BRITNEY DENTON, NYABI STEVENS, DEIDRICK DANSBY, FAYERACHEL PETERSON, ALEXANDER HARRIS, and JOHN DOE, | **CLASS ACTION** |
| *Plaintiffs,* | Jury Trial Demanded |
| v. | |
| THE BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M. CRISER III, and THE STATE OF FLORIDA, | No. 4:22-cv-00341-RH-MAF |
| *Defendant.* | |

## MOTION OF PLAINTIFF JOHN DOE TO PROCEED UNDER PSEUDONYM

For the reasons stated in the accompanying Memorandum of Law in Support of the Motion of Plaintiff John Doe to Proceed Under Pseudonym and Exhibit A (Declaration of John Doe), Plaintiff John Doe respectfully requests that this Court enter an Order allowing him to proceed in the above-captioned action under the pseudonym "John Doe."

## ORAL ARGUMENT

In accordance with Local Rule 7.1, Plaintiff does not seek oral argument unless the Court deems it necessary.  Plaintiff estimates no more than one hour would be necessary.

Dated: November 21, 2022

Respectfully submitted,

/s/ *Barbara Hart*
Jay W. Eisenhofer, Esq.
Barbara J. Hart, Esq.
Karin E. Fisch, Esq.
Braynard Brown, Esq.
Irene R. Lax, Esq.
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Fl.
New York, NY 10017
646-722-8500

Samuel Mukiibi, Esq.
**GRANT & EISENHOFER P.A.**
123 Justison Street, 7th Fl.
Wilmington, DE 19801
302-622-7119

Josh Dubin, Esq.
**JOSH DUBIN, P.A.**
201 S. Biscayne Blvd, Suite 1210
Miami, FL 33181
FL Bar Number 48865

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| BRITNEY DENTON, NYABI STEVENS, DEIDRICK DANSBY, FAYERACHEL PETERSON, ALEXANDER HARRIS, and JOHN DOE, | **CLASS ACTION** |
| *Plaintiffs,* | Jury Trial Demanded |
| v. | |
| THE BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M. CRISER III, and THE STATE OF FLORIDA, | No. 4:22-cv-00341-RH-MAF |
| *Defendant.* | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION OF PLAINTIFF JOHN DOE TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe ("Plaintiff" or "John"), by and through the undersigned counsel, submits this Memorandum of Law in support of his Motion to Proceed Under Pseudonym and seeks an order of the Court permitting him to proceed in the above-captioned case (the "Action") as pseudonymous Plaintiff "John Doe."

John, along with Plaintiffs Britney Denton, Nyabi Stevens, Deidrick Dansby, FayeRachel Peterson, and Alexander Harris, filed a Class Action Complaint against The Board of Governors for the State of University of System of Florida ("SUS"), Marshall M. Criser III ("Criser"), and the State of Florida ("Florida" or the "State," and collectively with SUS and Criser, the "Defendants" and each a "Defendant") alleging that the State intentionally discriminated against Florida Agricultural and Mechanical University ("FAMU"), a historically black college and university ("HBCU"), on the basis of race.

Among other things, Plaintiffs allege that Defendants engaged in discriminatory funding practices, failed to make improvements to FAMU facilities, and implemented unnecessary program duplication, actions which have perpetuated Florida's segregated system of higher education in violation of Title VI and the Fourteenth Amendment. *See* Complaint., ECF Doc. 1, ("Complaint" or "Compl."). To protect himself from retaliation and to prevent harm to his mental health, reputation, and career prospects, John respectfully seeks leave of this Court to shield his true identity from public disclosure at this time.

## I.   STATEMENT OF FACTS

John is an African-American and a current fourth-year student at FAMU, pursuing a degree in Interdisciplinary Studies, with an expected graduation date in the Fall of 2023. *See* Declaration of John Doe, attached as Exhibit A, ¶¶ 3-4. John is cognizable of the fact that central to this lawsuit is a conversation about race and inequity in higher education of HBCUs, including FAMU (*id*. at ¶ 19), and that conversations about racial equity reveal major differences in world-views which are challenged publicly. *Id*. at ¶ 20.

John believes, given the history of racial discrimination in this country, as well as the personal nature of the discrimination at issue in this Action, that proceeding with this lawsuit under his real name will have an immediate and irreparable effect on his reputation, educational and employment opportunities, and personal relationships. *Id*. at ¶ 7. John's public identification with this Action will also interfere with his efforts to process, cope with, and recover from the conduct described in the Complaint. *Id*. at ¶ 18.

This Action has already and will continue to draw public scrutiny of FAMU faculty and administration. *Id*. at ¶ 8. In that vein, this Action has already generated media interest from several national publications, including CNN, the Washington Post, CBS News, Forbes,

2

Bloomberg News and Politico.  *Id*. at ¶ 9.  The public disclosure of John's involvement in this Action will likely subject him to retaliation or other harmful treatment by  FAMU employees and staff, other students and/or alumni of FAMU, and from the community at large.  *Id*. at ¶ 8.

As a FAMU student, John is involved in various student-run organizations, including performance troupes and a fraternity.  *Id*. at ¶ 11.  During the academic year, John volunteers in community service events, leads on-campus fundraising events for his organizations, and performs with his troupe for the FAMU student body.  *See id.*  John fears an impact to the student organizations that he is a member of simply by his involvement in this Action.  *Id*. at ¶ 12.

As a student, John receives federal and state financial aid, as well as FAMU grants, to assist in paying his FAMU tuition, all of which are determined by the financial aid office at FAMU.  *Id*. at ¶ 13.  John fears that public disclosure of his involvement in this Action may adversely impact his receipt of financial aid.  *Id*.  As a current fourth year student at FAMU, John is in the process of applying for jobs in Florida.  *Id*. at ¶ 14.  After graduation from FAMU,  John hopes to obtain his teaching certificate to teach music in the State of Florida.  *Id.*  John fears that public disclosure of his involvement in this lawsuit will affect these applications and prospective employment.  *Id.*

In addition to being a full-time student, John works part-time as a barber in the greater Tallahassee area to financially support himself.  *Id*. at ¶ 15.  John further fears that he may suffer reputational harm and retaliation from community members if his true identity is revealed, especially because this Action concerns and alleges disproportionate funding received by FAMU as compared to that of other Tallahassee public universities, including Florida State University which has a student population in excess of 33,000 students and many faculty and alumni in Tallahassee.  *Id*. at ¶ 16.

John also worries that his family will suffer emotional distress if his name is publicly disclosed in relation to this Action, which will in turn cause John to suffer further emotional distress. *Id*. at ¶ 17. John has four cousins who are currently high school students and who have plans to attend FAMU after graduation. John reasonably fears that his public involvement with this Action is likely to impact his family's reputation in the community and his cousins' ability to seek higher education at FAMU or in the State of Florida. *Id.*

John is mindful of history and the victories won by the men and women seeking equality in education, including the Little Rock Nine, and believes that while history has proven them to have been on the right side, such activists readily faced virulent opposition, routine harassment, and even violence. *Id*. at ¶ 21. Accordingly, John has taken great care to protect the nature of his claim and has not revealed his identity or otherwise sought publicity in this matter. *Id*. at ¶ 22.

Given his involvement with FAMU student organizations, his presence in the Tallahassee community, his career goals, and his continued reliance on financial aid in order to attend FAMU, John has a significant interest in maintaining his privacy and in avoiding any public association between himself and this Action. *See generally,* Ex. A.

## II.   ARGUMENT

### A.  Standard of Law

The U.S. Court of Appeals for the Eleventh Circuit has recognized that the rule requiring litigants to identify themselves in pleadings is not absolute; it can and must be relaxed to accommodate and protect plaintiffs whose privacy interests would be severely compromised by proceeding publicly. *See, e.g., Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 687 (11th Cir. 2001); Fed. R. Civ. P. 10(a); N.D. Fla. Loc. R. 5.1(B)(1). Moreover, many of the justifications for the openness of judicial proceedings are still preserved in pseudonymous filings: "Party

anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them" or compromise an "assurance of fairness." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Along these lines, the Eleventh Circuit has instructed, "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citing *Stegall*, 653 F.2d at 185). In such considerations, the Eleventh Circuit has adopted a balancing test, which requires consideration of whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (quoting *Southern Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)); *see also In re Chiquita Brands International Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020).

A district court has broad discretion in striking this balance. *Francis*, 631 F.3d at 1315. The Eleventh Circuit has emphasized that no single factor disposes of plaintiff's motion to proceed under a pseudonym. Indeed, a "district court abuses its discretion in denying a motion to remain anonymous if it fails to actually consider the circumstances of the case and to weigh the relevant factors and instead follows a blanket rule in making its final decision." *Id*. at 1315; *see also James*, 6 F.3d at 239-43 (district court abused its discretion in denying motion based on "general disapproval of party anonymity."); *In re Chiquita Brands International Inc.*, 965 F.3d at 1247 (11th Cir. 2020) (quoting *Wynne & Jaffe*, 599 F.2d at 713 (5th Cir. 1979)) ("a court must 'carefully

review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns").

### B. The *Stegall* Factors Weigh In Favor Of Allowing John To Proceed Using A Pseudonym.

As to the first balancing test factor, Plaintiffs here, including John, are challenging the governmental activity of the State of Florida and have alleged discrimination between FAMU and other geographically proximate traditionally white colleges and universities, including the States' discriminatory utilization of federal funds.   In *Stegall*, the Fifth Circuit (whose balancing test has been adopted by the Eleventh Circuit, *see Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011)), allowed plaintiffs to proceed anonymously, holding that the government did not face a threat of reputational damage akin to a private defendant. *See id.*  Specifically, in *Wynne & Jaffe,* 599 F.2d 707 (5th Cir. 1979), the Fifth Circuit explained that when a challenge to the "constitutional, statutory or regulatory validity of government activity" is brought, the government does not face the same threat of reputational damage as a private party named as a defendant in a lawsuit, because a civil lawsuit against a private party may cause damage to the private party's name and may result in economic harm, merely by the fact that a lawsuit has been filed. *See id* at *713*.  Similarly here, Defendants are government entities that do not face the same threat of reputational harm as non-public entities.  Furthermore, any individual Defendants in this Action are named in their official capacities based on the public positions they hold as appointed members of government.  As further discussed below, Defendants also suffer no prejudice by allowing John to proceed in this Action under a pseudonym. *See infra* at pp. 9-10.  The fact that Defendants are public entities is significant.  Thus, the first *Stegall* factor weighs in John's favor to proceed pseudonymously.

The second *Stegall* factor considers whether the party seeking anonymity would be compelled, absent anonymity, to disclose information of the utmost intimacy. *Stegall*, 653 F.2d at 185. Both the Eleventh and Fifth Circuits have enumerated circumstances where "the [intimacy] issues involved are matters of a sensitive and highly personal nature" such that the "normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *See Wynne & Jaffe*, 599 F.2d at 712–13 (listing instances of sexual assault, gender identity, and child welfare payments as issues of a highly personal nature); *see also Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (considering the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant).

In *Does 1–6 v. Mills,* 2021 WL 4005985 (D. Me. Sept. 2, 2021), the District of Maine held that plaintiff had a "reasonable fear of harm that outweighs the public's interest" in public disclosure of plaintiff's identity because of the "substantial public controversy currently surrounding public and private mandates requiring individuals to be vaccinated for the COVID-19 coronavirus or to provide proof of vaccination status." As in *Mills*, Plaintiffs here are challenging government conduct on the socially charged issue of racial discrimination in higher education. The public's interest in disclosure of Plaintiffs identities is satisfied not by knowledge of their names, but instead by the clear allegations in the Complaint, including that all Plaintiffs, including John, are African American students currently attending FAMU, the nature of Plaintiffs' claims and defenses, and any decisions by the court. Disclosure of John's name in this Action will not add any substantial information pertinent to this Action and conversely has a strong likelihood to allow others to intimidate, harass, and cause other harm to John.

Furthermore, here, the issues are intimate in nature to John as an African-American student at an HBCU.  John believes the quality of his education is and has been affected by Defendants' discriminatory practices, including the dipropionate funding of HBCUs, which primarily educate African-Americans of color.  John is cognizant of the social stigma of discussing race relations. *See* Ex. A., ¶ 20.  John acknowledges that central to this Action is a conversation about race and inequity in higher education funding, specifically that of HBCUs, including FAMU.  *Id.* ¶ 6. Moreover, this Action has already generated significant media attention.[1]  Despite the media interest generated from this matter, John has not otherwise publicly disclosed his involvement in this Action.  *See id.* at ¶¶ 14, 24.  Instead, and as discussed in detail further below, John seeks the ability to complete his education without fear of retaliation or reputational harm to himself or his family or the possible negative impact on his future employment (particularly in Florida) from his involvement in this Action.  *Id.* at ¶¶ 14-17; *see Freedom From Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1359–60 (S.D. Ga. 2015) ("It is difficult, if not impossible, to quantify the risk of harm a plaintiff faces when litigating such a socially-charged issue.")

The third Stegall factor considers whether the plaintiff would need to admit an intent to engage in illegal conduct and thus risk criminal prosecution.  *Stegall*, 653 F.2d at 185.  This factor is not present in the instant matter and does not apply to John.  However, it is worth noting that the

---

[1] *See, e.g.*, The Washington Post: https://www.washingtonpost.com/education/2022/09/22/famu-funding-lawsuit-florida-hbcus/ (accessed November 18, 2022); Bloomberg News: https://www.bnnbloomberg.ca/florida-sued-by-students-over-1-3-billion-funding-gap-for-hbcus-1.1822502 (accessed November 18, 2022); Higher Ed Dive: https://www.highereddive.com/news/florida-am-students-sue-state-alleging-decades-of-underfunding-and-progra/632505/ (accessed November 18, 2022); CBS News: https://www.cbsnews.com/news/famu-hbcu-underfunding-state-student-lawsuit/ (accessed November 18, 2022); CNN: https://www.cnn.com/2022/09/28/us/famu-state-funding-lawsuit-reaj/index.html

*Stegall* factors were not intended as a "rigid, three-step test for the propriety of party anonymity." *Frank, 951 F.2d at 323* (citing *Stegall*, 653 F.2d at 185).  Instead, they were highlighted merely as factors deserving consideration.  *Id.*  Overall, the *Stegall* factors, along with the totality of the circumstances, including additional factors discussed below, weigh in favor of allowing John to proceed under a pseudonym.

### C. Additional Considerations Further Demonstrate That John Should Be Allowed To Proceed Using Pseudonym.

In addition to the *Stegall* factors, Circuit Courts and District Courts throughout the country have identified other factors to consider when deciding if a plaintiff has a privacy interest that would outweigh the presumption of openness in judicial proceedings.  *See, e.g.*, *Frank*, 951 F.2d at 323; *Stegall*, 653 F.2d at 185; *Doe v. Goldman*, 169 F.R.D. 138, 139 (D. Nev. 1996); *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996); *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, (E.D. Pa. 1997); *EW v. N.Y.* Blood Ctr., 213 F.R.D. 108 (E.D.N.Y. 2003).

These additional factors include:

1.   Whether the party defending the suit would be prejudiced;

2.   Whether the plaintiff would risk suffering injury if identified; and

3.   Whether there are less drastic means of protecting the legitimate interests of either party.

*A.B.C. v. XYZ Corp.*, 282 N.J.Super. 494, 502 (App Div.1995); *Frank*, 951 F.2d at 323 (11th Cir. 1992), *Stegall*, 653 F.2d at 185; *Goldman*, 169 F.R.D. at 139; *Doe v. Indiana Black Expo, Inc.*, 932 F.Supp. 137, 140, *Unwitting Victim*, 47 P.3d at 400-401.

To address the first and third additional factors, Defendants suffer no prejudice from John's anonymity—Defendants and this Court will be provided with John's personal identifying information on a confidential basis and are not otherwise prejudiced by his public anonymity in

this Action.  *See, e.g.*, *S.Y. v. Choice Hotels Int'l, Inc.*, No. 2:20-CV-602-FTM-29MRM, 2021 U.S. Dist. LEXIS 174121, 2021 WL 4167677, at *2 (M.D. Fla. Sept. 14, 2021) (finding there was little risk of prejudice to defendants from allowing the use of a pseudonym in pretrial public filings); *A. D. v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-cv-00120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020) ("There is very little risk of prejudice to Defendant in allowing Plaintiff to proceed under pseudonym [because] Plaintiff 'is willing to provide her [identity] to the Defendant.'"). John's willingness to disclose his identity to this Court and Defendants for purposes of investigation lowers the severity of his anonymity in this Action.

To address the second additional factor, John fears retaliation, harassment, or other harms if identified.  *See* Ex. A. "To proceed anonymously for fear of retaliation and harassment a 'plaintiff must demonstrate that . . . retaliation is not merely hypothetical but based in some real-word evidence; a simple fear is insufficient." *Does v. Snyder*, 2012 WL 1344412 (E.D. Mich. April 18, 2012).  Here, John fears retaliation and reputational harm if his identity is known.  *See* Ex. A, ¶¶ 5, 7, 10, 13, 14, 16, and 17.  John's fear of an impact to the financial aid he receives and relies on is also credible. *See id.* at ¶ 13.  Because federal money is allocated to institutions, financial aid offices have significant discretion in choosing who receives the funds and how much they get.[2]  John also fears his involvement in this Action will result in harm to the FAMU student organizations of which he is a member.  *Id.* at ¶ 12.  John further fears retaliation and reputational harm will affect his prospective employment opportunities, particularly employment in Florida. *Id.* at ¶ 14.

Moreover, this Action alleges that the State has engaged in discriminatory practices against FAMU as an HBCU, including chronic underfunding of FAMU as related to comparable

---

[2] https://studentaid.gov/complete-aid-process/how-calculated (accessed, November 18, 2022).

traditionally white universities.  *Id.* at ¶ 16.  It is credible for John to fear the spotlight being placed on FAMU's faculty and administrators, and retaliation from FAMU employees and staff, and other students and/or alumni of FAMU or the community at large.  *Id.* at ¶ 8.  John also has a reasonable and legitimate concern that he and his family will suffer severe emotional distress if his name is publicly disclosed.  *Id.* at ¶ 17.  One of the reasons that John has taken great care to protect the nature of his identity is because he has four cousins currently in high school who have plans to matriculate to FAMU or seek higher education elsewhere within the State of Florida and his family also resides in the State.  *Id.*

Given these factors, John has a legitimate and reasonable concern that he may suffer retaliation and reputational harm if his true identity is publicly revealed in this litigation.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff John Doe respectfully requests that this Honorable Court grant this Motion.  The totality of the circumstances of this case, including the sensitive nature of the issues alleged in the Complaint, the potential risk of harm to John, the minimal risk of unfair prejudice to the Defendants, and the public's access to all relevant information on the docket, warrant granting the instant Motion to allow John Doe to proceed under a pseudonym as to pretrial public filings.

Dated: November 21, 2022                              Respectfully submitted,

/s/ *Barbara J. Hart*
Jay W. Eisenhofer, Esq.
Barbara J. Hart, Esq.
Karin E. Fisch, Esq.
Braynard Brown, Esq.
Irene R. Lax, Esq.
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Fl.
New York, NY 10017
646-722-8500

Samuel Mukiibi, Esq.
**GRANT & EISENHOFER P.A.**
123 Justison Street, 7th Fl.
Wilmington, DE 19801
302-622-7119

Josh Dubin, Esq.
**JOSH DUBIN, P.A.**
201 S. Biscayne Blvd, Suite 1210
Miami, FL 33181
FL Bar Number 48865

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

I hereby certify that this Motion and incorporated Memorandum of Law contains 3,321 words.

/s/ *Barbara J. Hart*
Barbara J. Hart, Esq.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to Local Rules 7.1(B) and (C), the undersigned hereby states that Counsel for Plaintiff John Doe conferred in good faith with Defendants' Counsel regarding the relief requested in this motion but were unable to reach an agreement.

/s/ *Barbara J. Hart*
Barbara J. Hart, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2022 a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ *Barbara J. Hart*
Barbara J. Hart, Esq.