IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRITNEY DENTON et al.,

  Plaintiffs,

v.          CASE NO. 4:22cv341-RH-MAF

THE BOARD OF GOVERNORS
FOR THE STATE UNIVERSITY
SYSTEM OF FLORIDA et al.,

  Defendants.

_____/

## ORDER DENYING LEAVE TO
## PROCEED UNDER A PSEUDONYM

  In this action six plaintiffs assert the State of Florida has engaged in a pattern of racial discrimination—a pattern of providing lower funding for historically black universities than for traditionally white comparators. One of the six plaintiffs has moved for leave to proceed under a pseudonym. He would disclose his identity to the defendants and the court but only on condition that the identity not be publicly disclosed.

  Lawsuits are public events. Under the law of the circuit, anonymity—the ability to proceed under a pseudonym—should be granted "only in those

exceptional cases involving [1] matters of a highly sensitive and personal nature, [2] real danger of physical harm, or [3] where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (bracketing added).

This case does not come close. The plaintiff asserts this case has generated substantial publicity and he fears retaliation if his identity is disclosed. But he has alleged nothing suggesting he has any greater basis to fear retaliation than the plaintiffs in most discrimination cases. That a case has attracted public interest is not a reason to withhold information about the case from the public.

The *Frank* factors uniformly cut against allowing the plaintiff to proceed anonymously.

First, there is nothing "highly sensitive and personal" about this claim as that term is used in *Frank*. Quite the contrary. This is a claim about alleged discrimination by a state against a large public university—discrimination that, if it occurred as alleged, affected every student at the university. This is far less "sensitive and personal" than the discrimination alleged in any garden-variety employment-discrimination case. It is possible—though it seems unlikely—that personal information about the plaintiff that should not become public will become relevant. If that happens, the information can be sealed. That is not good cause to allow the plaintiff to proceed anonymously.

Second, while bigotry is out there, the plaintiff has alleged no facts suggesting he faces a danger of physical harm greater than faced by the plaintiffs in many garden-variety employment-discrimination cases, let alone in cases asserting constitutional rights. The risk from filing this lawsuit is no more substantial—indeed, probably significantly less substantial—than the risk faced by many other plaintiffs in many other kinds of cases. If a risk this small were sufficient to allow a plaintiff to proceed anonymously, many of the most significant cases in the history of the federal courts would be known not by names like Brown, Korematsu, or Obergefell, but instead by pseudonyms. This would cut too deeply into the fundamental principle that ours is a *public* court system.

Third, the harm litigated against—discriminatory underfunding of a major university—will not be incurred as a result of disclosing the plaintiff's identity. That harm allegedly already has occurred. Disclosure of the plaintiff's identity will have nothing to do with it.

Under all the circumstances, the appropriate exercise of discretion is to deny this plaintiff the ability to proceed under a pseudonym. The plaintiff can pursue the claim or not—but he cannot do it while withholding his identity from the public record.

For these reasons,

IT IS ORDERED:

The motion to proceed under a pseudonym, ECF No. 26, is denied. The plaintiff identified in the complaint as "John Doe" must file by December 7, 2022 a notice setting out his name.

SO ORDERED on November 22, 2022.

s/Robert L. Hinkle  
United States District Judge