**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


BRITNEY DENTON et al.,

       Plaintiffs,

v.                            CASE NO. 4:22cv341-RH-MAF

THE BOARD OF GOVERNORS
FOR THE STATE UNIVERSITY
SYSTEM OF FLORIDA et al.,

       Defendants.

_____/


**ORDER DISMISSING FIRST AMENDED COMPLAINT
AND GRANTING LEAVE TO AMEND FURTHER**


The plaintiffs are students at Florida Agricultural and Mechanical University ("FAMU"). FAMU is Florida's only public historically black university. Citing *United States v. Fordice*, 505 U.S. 717 (1992), the plaintiffs assert the state has failed to eliminate vestiges of the segregated-by-law university system the state maintained until forced to abandon it by the federal courts and Title VI of the Civil Rights Act of 1964.

The first amended complaint includes two counts: first, a claim under Title VI; and second, a claim under 42 U.S.C. § 1983 and the Fourteenth Amendment. The plaintiffs seek declaratory and injunctive relief, not damages.

The defendants have moved to dismiss for lack of standing and failure to state a claim on which relief can be granted. This order dismisses the first amended complaint, partly on both grounds, and grants leave to amend.

## I. Standing

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), the Supreme Court said the "irreducible constitutional minimum of standing contains three elements." First, the plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. (cleaned up). Second, "there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id*. (cleaned up). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. (cleaned up).

The plaintiffs have adequately alleged standing except in one respect: redressability against the specific array of defendants named in the first amended complaint. The plaintiffs have both overshot and undershot the mark.

The first amended complaint names as defendants (1) the Board of Governors for the State University System of Florida, (2) Raymond Rodrigues, in his official capacity as the Chancellor of the State University System of Florida,

(3) the State Board of Education, (4) Manny Diaz, Jr., in his official capacity as the Florida Commissioner of Education, (5) Ron DeSantis, in his official capacity as Governor of Florida, and (6) the State of Florida. The State is named only in the Title VI count. All other defendants are named in both counts.

On a Title VI claim, the proper defendant is the state itself or the appropriate state entity. In Florida, the entity that controls the university system is the Board of Governors of the State University System. *See* Fla. Const. art. IX, § 7(b). The plaintiffs have properly named both the State itself and the Board of Governors. Either of these defendants alone would do, but there is little harm in naming both.

The State Board of Education has authority over other parts of the Florida public education system, not the universities, so it is not a proper defendant on the Title VI claim.

Official-capacity defendants, even if they could appropriately be named on the Title VI claim at all, would properly be dismissed as redundant. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (approving the dismissal of official-capacity defendants whose presence was merely redundant to the naming of an institutional defendant).

On the § 1983 claim, the proper defendants, in their official capacities, are officials who could remedy the violation at issue, if ordered to do so. *See Ex parte Young*, 209 U.S. 123 (1908). Here, that means the members of the Board of

Governors—all of them—and perhaps, when acting at the direction of the Board of Governors, the Chancellor. The Commissioner of Education is a proper defendant only in his capacity as a member of the Board of Governors. The Governor appoints members of the Board and recommends courses of action, often successfully, but he has no direct authority to take remedial action of the kind the plaintiffs seek. He is not a proper defendant.

The Board of Governors as an entity and the State Board of Education are not proper defendants on the § 1983 count. A state is not a "person" within the meaning of 42 U.S.C. § 1983, and in any event a state has Eleventh Amendment immunity from a § 1983 claim in federal court. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that a state is not a "person" within the meaning of § 1983); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996) (holding that a state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress under the Fourteenth Amendment). For this purpose, the Board of Governors and State Board of Education are the jurisdictional equivalent of the state itself. *See Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234 (11th Cir. 2017).

## II. Failure to state a claim

To survive a motion to dismiss for failure to state a claim on which relief can be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557. The complaint must set out facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 569 n.14. *Twombly* holds that when a complaint's factual allegations support two equally plausible explanations—one consistent with the plaintiff's claim and one not—the complaint must be dismissed.

In *Fordice*, a state with a population of about 2.2 million when Title VI was adopted, had eight public universities, including three that were historically black.[1] When the universities could no longer be segregated by law, little changed; the state kept all the universities open, complete with many unnecessarily duplicative

---

[1] *See* U.S. Dep't of Commerce, Bureau of the Census, *Statistical Abstract of the United States* 11 (1964) (§ 1, Chart No. 8), available at https://www2.census.gov/library/publications/1964/compendia/statab/85ed/1964-02.pdf#[0,{%22name%22:%22FitH%22},618].

programs. The population had grown to about 2.6 million when *Fordice* was decided.[2] The Supreme Court said the duplication was a vestige of the segregated system.

The first amended complaint alleges the same is true in Florida more than 30 years later—nearly 60 years after the end of segregation by law. When Title VI was adopted, Florida's population was about 5.7 million, and the state had only three public universities—two white and one black.[3] Florida now has 12 public universities serving a population of over 22 million.[4] *Of course* there are duplicated programs at the 12 universities, but the assertion they were created to maintain segregation, rather than to accommodate the enormous population increase, is implausible.

To state a claim based on duplication of programs, the plaintiffs will have to allege facts showing that the Supreme Court's analysis of Mississippi at the end of the 1980s can be applied to Florida in 2023—or that, on any other basis, Florida's

---

[2] *See* U.S. Dep't of Commerce, Bureau of the Census, *Statistical Abstract of the United States* 22 (§ 1, Chart No. 25), available at https://www2.census.gov/library/publications/1992/compendia/statab/112ed/1992-02.pdf#[0,{%22name%22:%22FitH%22},657].

[3] *See* U.S. Dep't of Commerce, Bureau of the Census, *supra* note 1, at 11.

[4] *See* U.S. Bureau of the Census, *Annual Estimates of the Resident Population for the United States, Regions, States, District of Columbia, and Puerto Rico: April 1, 2020 to July 1, 2022*, data table available at https://www.census.gov/newsroom/press-kits/2022/2022-national-state-population-estimates.html.

current treatment of FAMU is traceable back 60 years to the segregated-by-law system. The first amended complaint alleges differences between FAMU and other public universities, including in funding, quality of faculty, graduation rates, and mission statements, but the first amended complaint is short on facts tying these differences to the segregated-by-law system.

The first amended complaint addresses colleges of law and engineering but does so inconsistently—apparently asserting FSU and FAMU should have neither separate colleges (as in law) nor a joint college (as in engineering). Either way, the first amended complaint does not adequately allege that the current situation is a vestige of the segregated-by-law system.

## III. Conclusion

The first amended complaint, in its current form and with its current array of defendants, fails to adequately allege standing or to state a claim on which relief can be granted. Accordingly,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 42, is granted. The first amended complaint is dismissed.

2. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

3. The plaintiffs may file a second amended complaint. The deadline to do
so is July 3, 2023.

SO ORDERED on June 12, 2023.

s/Robert L. Hinkle_____
United States District Judge