# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

BRITNEY DENTON

      VS                    USDC NO. 4:22-cv-00341-RH-MAF

                               USCA NO. _____

BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA et al

### TRANSMITTAL OF NOTICE OF APPEAL

       The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice.
The appellate docket fee paid.  Date paid: 2/23/2024
Judge/Magistrate Judge appealed from: Robert L. Hinkle
Other:

Please acknowledge receipt on the enclosed copy of this transmittal to: TALLAHASSEE DIVISION

                        JESSICA J. LYUBLANOVITS,
                        CLERK OF COURT

                        By: Bryston Ford
                        Deputy Clerk
                        111 North Adams Street
February 23, 2024                Tallahassee, Florida 32301

# U.S. District Court
## Northern District of Florida (Tallahassee)
## CIVIL DOCKET FOR CASE #: 4:22–cv–00341–RH–MAF

DENTON et al v. BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA et al
Assigned to: JUDGE ROBERT L HINKLE
Referred to: MAGISTRATE JUDGE MARTIN A FITZPATRICK
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 09/22/2022
Date Terminated: 01/25/2024
Jury Demand: Plaintiff
Nature of Suit: 448 Civil Rights: Education
Jurisdiction: Federal Question

**Plaintiff**

**BRITNEY DENTON**
represented by
**BRAYNARD BROWN**
GRANT & EISENHOFER PA – NEW YORK NY
485 LEXINGTON AVENUE
29TH FLOOR
NEW YORK, NY 10017
914–997–0500
Fax: 914–997–0035
Email: bbrown@gelaw.com
*ATTORNEY TO BE NOTICED*

**IRENE RACHAEL LAX**
GRANT & EISENHOFER PA – NEW YORK NY
485 LEXINGTON AVENUE
29TH FLOOR
NEW YORK, NY 10017
914–997–0500
Fax: 914–997–0035
Email: ilax@gelaw.com
*TERMINATED: 02/01/2024*

**JAY W EISENHOFER**
GRANT & EISENHOFER PA
1201 N MARKET ST STE 2100
WILMINGTON, DE 19801
302/622–7000
Fax: 622–7100
*ATTORNEY TO BE NOTICED*

**JOSHUA EVAN DUBIN**
JOSHUA EVAN DUBIN ESQ – MIAMI FL
201 S BISCAYNE BOULEVARD
SUITE 1300
MIAMI, FL 33131
917–523–0124
Email: jdubin@dubinconsulting.com
*ATTORNEY TO BE NOTICED*

**KARIN ELIZABETH FISCH**
GRANT & EISENHOFER PA – NEW YORK NY
485 LEXINGTON AVENUE
29TH FLOOR
NEW YORK, NY 10017
646–722–8500
Fax: 646–722–8501
Email: kfisch@gelaw.com
*ATTORNEY TO BE NOTICED*

**POOJA RAJESH MEHTA**
GRANT & EISENHOFER PA –
WILMINGTON DE
123 S JUSTISON STREET
WILMINGTON, DE 19801
501–413–2049
Email: pmehta@gelaw.com
*ATTORNEY TO BE NOTICED*

**SAMUEL MUKIIBI**
GRANT & EISENHOFER PA –
WILMINGTON DE
123 S JUSTISON STREET
WILMINGTON, DE 19801
302–333–9929
Email: smukiibi@feldmanshepherd.com
*TERMINATED: 10/21/2023*

**BARBARA JANE HART**
GRANT & EISENHOFER PA – NEW
YORK NY
485 LEXINGTON AVENUE
29TH FLOOR
NEW YORK, NY 10017
914–997–0500
Fax: 914–997–0035
Email: bhart@gelaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NYABI STEVENS**                    represented by

**BRAYNARD BROWN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**IRENE RACHAEL LAX**
(See above for address)
*TERMINATED: 02/01/2024*

**JAY W EISENHOFER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOSHUA EVAN DUBIN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KARIN ELIZABETH FISCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**POOJA RAJESH MEHTA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SAMUEL MUKIIBI**
(See above for address)
*TERMINATED: 10/21/2023*

**BARBARA JANE HART**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DEIDRICK DANSBY**                    represented by  **BRAYNARD BROWN**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **IRENE RACHAEL LAX**
                                                      (See above for address)
                                                      *TERMINATED: 02/01/2024*

                                                      **JAY W EISENHOFER**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **JOSHUA EVAN DUBIN**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **KARIN ELIZABETH FISCH**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **POOJA RAJESH MEHTA**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **SAMUEL MUKIIBI**
                                                      (See above for address)
                                                      *TERMINATED: 10/21/2023*

                                                      **BARBARA JANE HART**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**FAYERACHEL PETERSON**                represented by  **BRAYNARD BROWN**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **IRENE RACHAEL LAX**
                                                      (See above for address)
                                                      *TERMINATED: 02/01/2024*

                                                      **JAY W EISENHOFER**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **JOSHUA EVAN DUBIN**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **KARIN ELIZABETH FISCH**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **POOJA RAJESH MEHTA**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **SAMUEL MUKIIBI**
                                                      (See above for address)
                                                      *TERMINATED: 10/21/2023*

                                                      **BARBARA JANE HART**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALEXANDER HARRIS**                    represented by    **BRAYNARD BROWN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**IRENE RACHAEL LAX**
(See above for address)
*TERMINATED: 02/01/2024*

**JAY W EISENHOFER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOSHUA EVAN DUBIN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KARIN ELIZABETH FISCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**POOJA RAJESH MEHTA**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SAMUEL MUKIIBI**
(See above for address)
*TERMINATED: 10/21/2023*

**BARBARA JANE HART**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOHN DOE**                           represented by    **JAY W EISENHOFER**
*TERMINATED: 12/07/2022*                                  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BRAYNARD BROWN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**IRENE RACHAEL LAX**
(See above for address)
*TERMINATED: 02/01/2024*

**SAMUEL MUKIIBI**
(See above for address)
*TERMINATED: 10/21/2023*

**BARBARA JANE HART**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JACARI HESTER**                      represented by    **BARBARA JANE HART**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BRAYNARD BROWN**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**IRENE RACHAEL LAX**
(See above for address)
*TERMINATED: 02/01/2024*
*LEAD ATTORNEY*

**JAY W EISENHOFER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SAMUEL MUKIIBI**
(See above for address)
*TERMINATED: 10/21/2023*
*LEAD ATTORNEY*

**JOSHUA EVAN DUBIN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KARIN ELIZABETH FISCH**
(See above for address)
*ATTORNEY TO BE NOTICED*

**POOJA RAJESH MEHTA**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA**

represented by **ANITA J PATEL**
FLORIDA ATTORNEY GENERALS OFFICE
COMPLEX LITIGATION
PL–01 THE CAPITOL
TALLAHASSEE, FL 32399
850–414–3694
Email: anita.patel@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**KAREN ANN BRODEEN**
OFFICE OF THE ATTORNEY GENERAL – TALLAHASSEE FL
THE CAPITOL STE PL–01
400 S MONROE ST
TALLAHASSEE, FL 32399
850–414–3665
Fax: 850–488–4872
Email: karen.brodeen@myfloridalegal.com
*TERMINATED: 04/25/2023*

**SAMANTHA–JOSEPHINE BAKER**
FLORIDA ATTORNEY GENERALS OFFICE
CIVIL LITIGATION – TAMPA BUREAU
CONCOURSE CENTER IV
3507 E FRONTAGE ROAD
SUITE 150
TAMPA, FL 33607

813–233–2880
Fax: 813–233–2886
Email: samantha.baker@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**STEPHANIE ANNE MORSE**
FLORIDA ATTORNEY GENERAL'S
OFFICE
PL–01 THE CAPITOL
TALLAHASSEE, FL 32399–1050
850–414–3300
Email: stephanie.morse@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**TIMOTHY LEEDS NEWHALL**
FLORIDA ATTORNEY GENERAL –
TALLAHASSEE FL
PL–01 THE CAPITOL
SUITE 310
32399–1050
TALLAHASSEE, FL 32399–1050
850–414–3300
Fax: 850–488–4872
Email: timothy.newhall@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARSHALL M CRISER, III**
*TERMINATED: 01/09/2023*

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KAREN ANN BRODEEN**
(See above for address)
*TERMINATED: 04/25/2023*

**TIMOTHY LEEDS NEWHALL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**STATE OF FLORIDA**

represented by **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**KAREN ANN BRODEEN**
(See above for address)
*TERMINATED: 04/25/2023*

**SAMANTHA–JOSEPHINE BAKER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**STEPHANIE ANNE MORSE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**TIMOTHY LEEDS NEWHALL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**STATE BOARD OF EDUCATION OF
THE STATE OF FLORIDA**

represented by **ANITA J PATEL**
(See above for address)

*TERMINATED: 07/03/2023*                          *ATTORNEY TO BE NOTICED*

**KAREN ANN BRODEEN**
(See above for address)
*TERMINATED: 04/25/2023*

**SAMANTHA–JOSEPHINE BAKER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**STEPHANIE ANNE MORSE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MANNY DIAZ, JR**                represented by    **ANITA J PATEL**
*COMMISSIONER OF EDUCATION OF*                     (See above for address)
*THE STATE OF FLORIDA*                             *ATTORNEY TO BE NOTICED*

**KAREN ANN BRODEEN**
(See above for address)
*TERMINATED: 04/25/2023*

**SAMANTHA–JOSEPHINE BAKER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**STEPHANIE ANNE MORSE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RON DESANTIS**                  represented by    **ANITA J PATEL**
*GOVERNOR OF THE STATE OF*                          (See above for address)
*FLORIDA*                                           *ATTORNEY TO BE NOTICED*
*TERMINATED: 07/03/2023*

**KAREN ANN BRODEEN**
(See above for address)
*TERMINATED: 04/25/2023*

**SAMANTHA–JOSEPHINE BAKER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**STEPHANIE ANNE MORSE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RAYMOND RODRIGUES**            represented by    **ANITA J PATEL**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**KAREN ANN BRODEEN**
(See above for address)
*TERMINATED: 04/25/2023*

**SAMANTHA–JOSEPHINE BAKER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**STEPHANIE ANNE MORSE**
(See above for address)

**Defendant**

**BRIAN LAMB**                    represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ERIC SILAGY**                   represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TIMOTHY M CERIO**               represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AUBREY EDGE**                   represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PATRICIA FROST**               represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**EDWARD HADDOCK**               represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JACK HITCHCOCK**               represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KEN JONES**                    represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DARLENE LUCCIO JORDAN**         represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN LEVINE**                  represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES H LYDECKER**           represented by    **ANITA J PATEL**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **CRAIG MATEER** | represented by | **ANITA J PATEL** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **DEANNA MICHAEL** | represented by | **ANITA J PATEL** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **JOSE OLIVA** | represented by | **ANITA J PATEL** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **STEVEN M SCOTT** | represented by | **ANITA J PATEL** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2022 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number AFLNDC–7453665.), filed by John Doe, Fayerachel Peterson, Britney Denton, Deidrick Dansby, Nyabi Stevens, Alexander Harris. (HART, BARBARA) (Entered: 09/22/2022) |
| 09/22/2022 | 2 | CIVIL COVER SHEET. (HART, BARBARA) (Entered: 09/22/2022) |
| 09/22/2022 | 3 | MOTION to Appear Pro Hac Vice by Barbara J. Hart.( Filing fee $ 208 receipt number AFLNDC–7453840.) by Deidrick Dansby, Britney Denton, John Doe, Alexander Harris, Fayerachel Peterson, Nyabi Stevens. (Attachments: # 1 Exhibit A – Certificate of Good Standing) (HART, BARBARA) (Entered: 09/22/2022) |
| 09/22/2022 | 4 | NOTICE *SUMMONSES TO BE ISSUED TO THE BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M. CRISER III, and THE STATE OF FLORIDA* by Deidrick Dansby, Britney Denton, John Doe, Alexander Harris, Fayerachel Peterson, Nyabi Stevens (HART, BARBARA) (Entered: 09/22/2022) |
| 09/23/2022 | 5 | DOCKET ANNOTATION BY COURT re 1 Complaint filed Plaintiffs: Counsel is advised by this entry, for future case openings: Please review the procedure for adding/creating new parties in Chapter 10 of the "CM/ECF Attorney User's Guide", (available on the clerk's website) specifically in regards to the use of UPPERCASE in the parties names and style of the case. The party names will be corrected by the clerk. (tpm) (Entered: 09/23/2022) |
| 09/23/2022 | 6 | Summons Issued as to THE STATE OF FLORIDA. (tpm) (Entered: 09/23/2022) |
| 09/23/2022 | 7 | Summons Issued as to THE BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA. (tpm) (Entered: 09/23/2022) |
| 09/23/2022 | 8 | Summons Issued as to MARSHALL M CRISER III. (tpm) (Entered: 09/23/2022) |
| 09/23/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 3 MOTION to Appear Pro Hac Vice by Barbara J. Hart.( Filing fee $ 208 receipt number AFLNDC–7453840.). Referred to MARTIN A FITZPATRICK. (tpm) (Entered: 09/23/2022) |
| 09/27/2022 | 9 | ORDER: it is ORDERED that the motion for leave to appear pro hac vice, ECF No. 3 , is GRANTED. Attorney BARBARA JANE HART add as attorney of record for Plaintiffs. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 09/27/2022. (tpm) (Entered: 09/27/2022) |

| | | |
|---|---|---|
| 10/07/2022 | 10 | MOTION to Appear Pro Hac Vice( Filing fee $ 208 receipt number AFLNDC–7497403.) by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, FAYERACHEL PETERSON, NYABI STEVENS. (Attachments: # 1 Exhibit A – Certificate of Good Standing) (BROWN, BRAYNARD) (Entered: 10/07/2022) |
| 10/11/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 10 MOTION to Appear Pro Hac Vice( Filing fee $ 208 receipt number AFLNDC–7497403.). Referred to MARTIN A FITZPATRICK. (tpm) (Entered: 10/11/2022) |
| 10/11/2022 | 11 | MOTION to Appear Pro Hac Vice by Irene R. Lax.( Filing fee $ 208 receipt number AFLNDC–7504055.) by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, FAYERACHEL PETERSON, NYABI STEVENS. (LAX, IRENE) (Entered: 10/11/2022) |
| 10/11/2022 | 12 | NOTICE *Notice of Filing of Exhibit A to Doc. 11* by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, FAYERACHEL PETERSON, NYABI STEVENS re 11 MOTION to Appear Pro Hac Vice by Irene R. Lax.( Filing fee $ 208 receipt number AFLNDC–7504055.) (LAX, IRENE) (Entered: 10/11/2022) |
| 10/12/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 11 MOTION to Appear Pro Hac Vice by Irene R. Lax.( Filing fee $ 208 receipt number AFLNDC–7504055.), 12 Notice (Other),. Referred to MARTIN A FITZPATRICK. (tpm) (Entered: 10/12/2022) |
| 10/12/2022 | 13 | ORDER: It is ORDERED that the motion for leave to appear pro hac vice, ECF No. 10 , is GRANTED. (BRAYNARD BROWN added as attorney for DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, FAYERACHEL PETERSON, NYABI STEVENS). Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 10/12/2022. (tpm) (Entered: 10/13/2022) |
| 10/12/2022 | 14 | ORDER: The motion for leave to appear pro hac vice, ECF No. 11 , is provisionally GRANTED. No later than October 19, 2022, counsel must file a Certificate of Good Standing from the bar of the jurisdiction where counsel resides or regularly practices law, dated within 30 days of the filing of the instant motion, ECF No. 11 . (IRENE RACHAEL LAX added as attorney for DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, FAYERACHEL PETERSON, NYABI STEVENS). Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 10/12/2022. (tpm) (Entered: 10/13/2022) |
| 10/12/2022 | | Set Deadlines pursuant to Order, ECF No. 14 : Filing Certificate of Good Standing Deadline – by **10/19/2022**. (tpm) (Entered: 10/24/2022) |
| 10/17/2022 | 15 | MOTION to Appear Pro Hac Vice by Samuel Mukiibi.( Filing fee $ 208 receipt number AFLNDC–7516016.) by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, FAYERACHEL PETERSON, NYABI STEVENS. (Attachments: # 1 Exhibit A – Certificate of Good Standing) (MUKIIBI, SAMUEL) (Entered: 10/17/2022) |
| 10/18/2022 | 16 | MOTION Joint Motion To Establish Briefing Schedule And Continue Deadline For Class Certification by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M CRISER, III, STATE OF FLORIDA. (NEWHALL, TIMOTHY) (Entered: 10/18/2022) |
| 10/18/2022 | 17 | NOTICE of Appearance by ANITA J PATEL on behalf of All Defendants (PATEL, ANITA) (Entered: 10/18/2022) |
| 10/18/2022 | 18 | NOTICE of Appearance by TIMOTHY LEEDS NEWHALL on behalf of All Defendants (NEWHALL, TIMOTHY) (Entered: 10/18/2022) |
| 10/19/2022 | 19 | SUMMONS Returned Executed by JOHN DOE, DEIDRICK DANSBY, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA served on 9/30/2022, answer due 10/21/2022. (HART, BARBARA) (Entered: 10/19/2022) |

| 10/19/2022 | 20 | SUMMONS Returned Executed by JOHN DOE, DEIDRICK DANSBY, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. MARSHALL M CRISER, III served on 9/30/2022, answer due 10/21/2022. (HART, BARBARA) (Entered: 10/19/2022) |
|---|---|---|
| 10/19/2022 | 21 | SUMMONS Returned Executed by JOHN DOE, DEIDRICK DANSBY, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. STATE OF FLORIDA served on 9/29/2022, answer due 10/20/2022. (HART, BARBARA) (Entered: 10/19/2022) |
| 10/19/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 15 MOTION to Appear Pro Hac Vice by Samuel Mukiibi.( Filing fee $ 208 receipt number AFLNDC−7516016.). (tpm) (Entered: 10/19/2022) |
| 10/19/2022 | 22 | INITIAL SCHEDULING ORDER: The deadline for the Rule 26(f) attorney conference is **11/22/2022**. The deadline to file the Rule 26(f) report is **12/6/2022**. Absent good cause set out in the 26(f) report, the discovery deadline will be **7/21/2023**, and the trial will occur during the two–week period that begins on November 6, 2023. The joint motion, ECF No. 16, to set a briefing schedule and extend the deadline to move to certify a class is granted. The deadline to respond to the complaint is extended to **11/21/2022**. The plaintiffs must respond to any motion to dismiss by **12/23/2022**. A defendant may file a reply memorandum by **1/11/2023**. Signed by JUDGE ROBERT L HINKLE on 10/19/2022.(Jury Trial set for **11/6/2023 08:15 AM** in U.S. Courthouse Tallahassee before JUDGE ROBERT L HINKLE.) (tpm) Modified on 10/24/2022 as to correct deadline (tpm). Modified on 10/24/2022 (kjw). Modified on 11/14/2022 (kjw). Modified on 11/14/2022 (tpm). (Entered: 10/19/2022) |
| 10/19/2022 | | Set Deadline pursuant to Initial Scheduling Order, ECF No. 22 : Response(s) to Complaint due by **11/21/2022**. (tpm) (Entered: 11/14/2022) |
| 10/20/2022 | 23 | ORDER: It is ORDERED that the motion for leave to appear pro hac vice, ECF No. 15 , is GRANTED. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 10/20/2022. (tpm) (SAMUEL MUKIIBI added as attorney for plaintiffs) (Entered: 10/20/2022) |
| 10/24/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: Set Deadlines/Hearings:, 12 Notice (Other),. **Certificate of Good Standing Filed** (tpm) (Entered: 10/24/2022) |
| 10/25/2022 | 24 | ORDER: Counsel's compliance with the requirement to file a Certificate of Good Standing, ECF No. 12 , is noted and nothing further is required. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 10/25/2022. (tpm) (Entered: 10/25/2022) |
| 11/10/2022 | | **ACTION NO LONGER REQUIRED** ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE ROBERT L HINKLE notified that action is needed Re: 22 Scheduling Order ***NO RESPONSE TO THE COMPLAINT FILED BY THE 11/02/2022 SET IN THE ISO FILED*** (tpm) Modified on 11/14/2022 (tpm). (Entered: 11/10/2022) |
| 11/21/2022 | 25 | MOTION to Dismiss by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M CRISER, III, STATE OF FLORIDA. (Internal deadline for referral to judge if response not filed earlier: **12/5/2022**). (PATEL, ANITA) (Entered: 11/21/2022) |
| 11/21/2022 | 26 | MOTION *of Plaintiff John Doe to Proceed Under Pseudonym* by JOHN DOE. (Attachments: # 1 Exhibit A – Declaration of John Doe) (HART, BARBARA) (Entered: 11/21/2022) |
| 11/22/2022 | 27 | ORDER DENYING LEAVE TO PROCEED UNDER A PSEUDONYM: The motion to proceed under a pseudonym, ECF No. 26 , is denied. The plaintiff identified in the complaint as "John Doe" must file by **12/7/2022** a notice setting out his name. Signed by JUDGE ROBERT L HINKLE on 11/22/2022. (tpm) (Entered: 11/28/2022) |
| 12/06/2022 | 28 | REPORT of Rule 26(f) Planning Meeting. (HART, BARBARA) (Entered: 12/06/2022) |

| | | |
|---|---|---|
| 12/07/2022 | 29 | NOTICE *OF Identity* by JOHN DOE (HART, BARBARA) (Entered: 12/07/2022) |
| 12/08/2022 | 30 | SCHEDULING AND MEDIATION ORDER re 28 Report of Rule 26(f) Planning Meeting : Discovery due by **7/21/2023**. Dispositive Motions to be filed by **8/11/2023**. Jury Trial set for **11/6/2023 08:15 AM** in U.S. Courthouse Tallahassee before JUDGE ROBERT L HINKLE. Mediation to take place by **8/4/2023**. Mediation Report due by **8/18/2023**. Case referred to mediation. Signed by JUDGE ROBERT L HINKLE on 12/08/2022. (tpm) (Entered: 12/08/2022) |
| 12/14/2022 | 31 | NOTICE of Appearance by KAREN ANN BRODEEN on behalf of BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M CRISER, III, STATE OF FLORIDA (BRODEEN, KAREN) (Entered: 12/14/2022) |
| 12/15/2022 | 32 | NOTICE *of Plaintiffs to Court to Amend Complaint and Unopposed Motion to Alter Case Schedule* by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, FAYERACHEL PETERSON, NYABI STEVENS re 22 Scheduling Order,,,,, Set Deadlines/Hearings,,,, (Attachments: # 1 Text of Proposed Order [Proposed] Order to Plaintiffs' Notice to Court to Amend Complaint and Unopposed Motion to Alter Case Schedule) (HART, BARBARA) (Entered: 12/15/2022) |
| 12/19/2022 | 33 | ORDER SETTING THE SCHEDULE FOR AN AMENDED COMPLAINT AND EXTENDING THE 26(a)(1) DEADLINE: The motion to amend the schedule, ECF No. 32 , is granted. The plaintiffs may file an amended complaint by **1/9/2023**. The defendants must respond by **2/8/2023**. If the response is a motion, the plaintiffs must respond to the motion by **3/1/2023**, and the defendants may file a reply memorandum by **3/15/2023**. The deadline for Federal Rule of Civil Procedure 26(a)(1) disclosures is extended to **1/20/2023**. Signed by JUDGE ROBERT L HINKLE on 12/19/2022. (tpm) (Entered: 12/19/2022) |
| 01/09/2023 | 34 | FIRST AMENDED COMPLAINT against BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M CRISER, III, STATE OF FLORIDA, STATE BOARD OF EDUCATION OF THE STATE OF FLORIDA, MANNY DIAZ, JR, RON DESANTIS, filed by DEIDRICK DANSBY, JACARI HESTER, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. (HART, BARBARA) (Entered: 01/09/2023) |
| 01/10/2023 | 35 | Request For Issuance of Summonses by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (Attachments: # 1 Request for Issuance of Summons, # 2 Request for Issuance of Summons) (HART, BARBARA) (Entered: 01/10/2023) |
| 01/11/2023 | 36 | Summons Issued as to RON DESANTIS, MANNY DIAZ, JR, STATE BOARD OF EDUCATION OF THE STATE OF FLORIDA. (Attachments: # 1 summons, # 2 summons) (sjb) (Entered: 01/11/2023) |
| 01/12/2023 | 37 | ORDER DENYING AS MOOT THE MOTION TO DISMISS THE ORIGINAL COMPLAINT – The motion, ECF No. 25 , to dismiss the original complaint is denied as moot. Signed by JUDGE ROBERT L HINKLE on 1/12/23. (sjb) (Entered: 01/13/2023) |
| 02/02/2023 | 38 | SUMMONS Returned Executed by DEIDRICK DANSBY, JACARI HESTER, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. STATE BOARD OF EDUCATION OF THE STATE OF FLORIDA served on 1/18/2023, answer due 2/8/2023. (HART, BARBARA) (Entered: 02/02/2023) |
| 02/02/2023 | 39 | SUMMONS Returned Executed by DEIDRICK DANSBY, JACARI HESTER, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. MANNY DIAZ, JR served on 1/18/2023, answer due 2/8/2023. (HART, BARBARA) (Entered: 02/02/2023) |
| 02/02/2023 | 40 | SUMMONS Returned Executed by DEIDRICK DANSBY, JACARI HESTER, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. RON DESANTIS served on 1/18/2023, answer due 2/8/2023. (HART, BARBARA) (Entered: 02/02/2023) |

| 02/06/2023 | 41 | NOTICE of Appearance by ANITA J PATEL on behalf of All Defendants (PATEL, ANITA) (Entered: 02/06/2023) |
| 02/08/2023 | 42 | MOTION to Dismiss *Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law* by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, RON DESANTIS, MANNY DIAZ, JR, RAYMOND RODRIGUES, STATE BOARD OF EDUCATION OF THE STATE OF FLORIDA, STATE OF FLORIDA. (Internal deadline for referral to judge if response not filed earlier: **2/22/2023**). (Attachments: # 1 Exhibit Declaration of Chris Spencer, # 2 Exhibit Declaration of Tim Jones) (PATEL, ANITA) (Entered: 02/08/2023) |
| 02/22/2023 | 43 | UNOPPOSED MOTION to Stay *Discovery* by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M CRISER, III, RON DESANTIS, MANNY DIAZ, JR, RAYMOND RODRIGUES, STATE BOARD OF EDUCATION OF THE STATE OF FLORIDA, STATE OF FLORIDA. (PATEL, ANITA) Modified on 2/23/2023 (sjb). (Entered: 02/22/2023) |
| 03/01/2023 | 44 | RESPONSE in Opposition re 42 MOTION to Dismiss *Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law* filed by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (Attachments: # 1 Exhibit A) (HART, BARBARA) (Entered: 03/01/2023) |
| 03/14/2023 | 45 | ORDER STAYING DISCOVERY – The unopposed motion, ECF No. 43 , to stay discovery until a ruling is entered on the motion to dismiss is granted. Signed by JUDGE ROBERT L HINKLE on 3/14/23. (sjb) (Entered: 03/14/2023) |
| 03/15/2023 | 46 | NOTICE *DEFENDANTS REPLY MEMORANDUM TO PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT* by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, RON DESANTIS, MANNY DIAZ, JR, RAYMOND RODRIGUES, STATE BOARD OF EDUCATION OF THE STATE OF FLORIDA, STATE OF FLORIDA re 44 Response in Opposition to Motion, (PATEL, ANITA) (Entered: 03/15/2023) |
| 04/17/2023 | 47 | MOTION FOR ORAL ARGUMENT for Hearing re 44 Response in Opposition to Motion, 42 MOTION to Dismiss *Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law* by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (HART, BARBARA) Modified on 4/18/2023 edit to title(sjb). (Entered: 04/17/2023) |
| 04/21/2023 | 48 | NOTICE REGARDING ELECTRONIC FILING AND ATTORNEY ADMISSIONS REQUIREMENT (Mailed to counsel for plaintiff's) (Attachments: # 1 Notice Mailed to Counsel for Plaintiff's) (sjb) (Entered: 04/21/2023) |
| 04/24/2023 | 49 | UNOPPOSED MOTION to Withdraw as Attorney by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, MARSHALL M CRISER, III, STATE OF FLORIDA. (BRODEEN, KAREN) Modified on 4/25/2023 edit to title(sjb). (Entered: 04/24/2023) |
| 04/25/2023 | 50 | ORDER GRANTING LEAVE TO WITHDRAW––BRODEEN – Attorney Karen A. Brodeen's unopposed motion for leave to withdraw, ECF No. 49 , is granted, effective immediately. Signed by JUDGE ROBERT L HINKLE on 4/25/23. (sjb) (Entered: 04/25/2023) |
| 04/25/2023 | 51 | ORDER FOR ORAL ARGUMENT – The plaintiffs motion for oral argument, ECF No. 47 , is granted. By separate notice, the clerk must set oral argument for June 1, 2023. The argument will be conducted by telephone unless, by **5/11/2023**, a party files a notice indicating that both sides agree the argument should be conducted in person. Signed by JUDGE ROBERT L HINKLE on 4/25/23. (sjb) (Entered: 04/25/2023) |
| 04/25/2023 | 52 | NOTICE OF TELEPHONIC HEARING on 42 Motion to Dismiss: Telephonic Oral Argument set for **6/1/2023 01:00 PM** before JUDGE ROBERT L HINKLE. ***Please note each side will have 15 minutes for argument.***<br><br>Call in number: **888–684–8852**<br>Access code: **3243416#** |

| | | Security code: **1234#** |
| --- | --- | --- |
| | | *Proceedings may not be recorded or otherwise broadcast for public dissemination.* |
| | | *s/ Cindy Markley* Courtroom Deputy Clerk (ckm) (Entered: 04/25/2023) |
| 05/03/2023 | 53 | Joint MOTION to Stay *All Deadlines Pending Resolution of Defendants' Pending Motion to Dismiss* by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (HART, BARBARA) (Entered: 05/03/2023) |
| 05/06/2023 | 54 | ORDER TOLLING DEADLINES – The joint motion to stay all deadlines, ECF No. 53 , is granted. Signed by JUDGE ROBERT L HINKLE on 5/6/23. (sjb) (Entered: 05/08/2023) |
| 05/08/2023 | 55 | NOTICE of Appearance by STEPHANIE ANNE MORSE on behalf of All Defendants (MORSE, STEPHANIE) (Entered: 05/08/2023) |
| 05/08/2023 | 56 | Mail Returned as Undeliverable (Return to Sender, No Such Number, Unable to Forward). Mail sent to ATTORNEY JOSH DUBIN Re: 48 NOTICE REGARDING ELECTRONIC FILING AND ATTORNEY ADMISSIONS REQUIREMENT. (kjw) (Entered: 05/09/2023) |
| 05/10/2023 | 57 | NOTICE *of Joint Request for In Person Oral Argument on Defendants' Pending Motion to Dismiss* by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS re 51 Order,, Set Deadlines/Hearings, (HART, BARBARA) (Entered: 05/10/2023) |
| 05/11/2023 | 58 | AMENDED NOTICE OF HEARING (per 57 Notice) – ***changing to in person***: Oral Argument on 42 Motion to Dismiss set for **6/1/2023 01:00 PM** before JUDGE ROBERT L HINKLE, United States Courthouse, Courtroom 5 East, 111 North Adams St., Tallahassee, Florida 32301. <br><br>***Please note each side will have 15 minutes for argument.*** <br><br>NOTE: If you or any party, witness or attorney in this matter has a disability that requires special accommodation, such as a hearing impairment that requires a sign language interpreter or a wheelchair restriction that requires ramp access, please contact Cindy Markley at 850−521−3518 in the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made. <br><br>*s/ Cindy Markley* Courtroom Deputy Clerk (ckm) (Entered: 05/11/2023) |
| 05/11/2023 | 59 | NOTICE of Appearance by JOSHUA EVAN DUBIN on behalf of All Plaintiffs (DUBIN, JOSHUA) (Entered: 05/11/2023) |
| 05/24/2023 | 60 | MOTION to Appear Pro Hac Vice by Karin E. Fisch.( Filing fee $ 208 receipt number AFLNDC−7885106.) by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (Attachments: # 1 Exhibit A – Certificates of Good Standing) (FISCH, KARIN) (Entered: 05/24/2023) |
| 05/25/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 60 MOTION to Appear Pro Hac Vice by Karin E. Fisch. (Filing fee $ 208 receipt number AFLNDC−7885106.) Referred to MARTIN A FITZPATRICK. (ckm) (Entered: 05/25/2023) |
| 05/26/2023 | 61 | NOTICE of Appearance by SAMANTHA−JOSEPHINE BAKER on behalf of BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, RON DESANTIS, MANNY DIAZ, JR, RAYMOND RODRIGUES, STATE BOARD OF EDUCATION OF THE STATE OF FLORIDA, STATE OF FLORIDA (BAKER, SAMANTHA−JOSEPHINE) (Entered: 05/26/2023) |

| | | |
|---|---|---|
| 05/26/2023 | 62 | ORDER granting 60 Motion to Appear Pro Hac Vice (Attorney KARIN ELIZABETH FISCH added for all Plaintiffs. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 5/26/2023. (amm) (Entered: 05/26/2023) |
| 06/01/2023 | 63 | Minute Entry for proceedings held before JUDGE ROBERT L HINKLE: Oral Argument held on 6/1/2023. Court hears argument regarding Defendants' 42 Motion to Dismiss. Ruling by Court: Plaintiffs to file an amended complaint no later than 30 days from today. Order to follow (Amended Complaint due by 7/3/2023) (Court Reporter Lisa Snyder (USDC–Tallahassee). (vkm) (Entered: 06/01/2023) |
| 06/05/2023 | 64 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing Proceedings held on 6/1/2023, before Judge Robert Hinkle. Court Reporter/Transcriber Lisa Snyder, Telephone number 850–567–1374.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due 6/12/2023. Release of Transcript Restriction set for 9/11/2023. (ls) (Entered: 06/05/2023) |
| 06/12/2023 | 65 | ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND FURTHER – The motion to dismiss, ECF No. 42 , is granted. The first amended complaint is dismissed. Amended Pleadings due by 7/3/2023. Signed by JUDGE ROBERT L HINKLE on 6/12/23. (sjb) (Entered: 06/13/2023) |
| 07/03/2023 | 66 | SECOND AMENDED COMPLAINT against All Defendants All Defendants., filed by DEIDRICK DANSBY, JACARI HESTER, NYABI STEVENS, BRITNEY DENTON, FAYERACHEL PETERSON, ALEXANDER HARRIS. (HART, BARBARA) (Entered: 07/03/2023) |
| 07/05/2023 | 67 | NOTICE SUMMONSES TO BE ISSUED TO THE BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, et al., by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS re 66 Amended Complaint (HART, BARBARA) (Entered: 07/05/2023) |
| 07/06/2023 | 68 | Summons Issued as to BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, TIMOTHY M CERIO, AUBREY EDGE, PATRICIA FROST, EDWARD HADDOCK, JACK HITCHCOCK, KEN JONES, DARLENE LUCCIO JORDAN, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, CRAIG MATEER, DEANNA MICHAEL, JOSE OLIVA, STEVEN M SCOTT, ERIC SILAGY. (Attachments: # 1 summons, # 2 summons, # 3 summons, # 4 summons, # 5 summons, # 6 summons, # 7 summons, # 8 summons, # 9 summons, # 10 summons, # 11 summons, # 12 summons, # 13 summons, # 14 summons, # 15 summons) (sjb) (Entered: 07/06/2023) |
| 07/10/2023 | 69 | JOINT MOTION TO ESTABLISH BRIEFING SCHEDULE re 66 Amended Complaint by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA. (PATEL, ANITA) Modified title on 7/11/2023 (amm). (Entered: 07/10/2023) |
| 07/16/2023 | 70 | ORDER SETTING THE BRIEFING SCHEDULE ON MOTIONS DIRECTED TO THE SECOND AMENDED COMPLAINT: The joint motion to establish a briefing schedule, ECF No. 69 , is granted. The proposed schedule is adopted. Signed by JUDGE ROBERT L HINKLE on 7/16/2023. (amm) (Entered: 07/18/2023) |
| 07/16/2023 | | Set Deadlines re: 70 ORDER SETTING THE BRIEFING SCHEDULE ON MOTIONS DIRECTED TO THE SECOND AMENDED COMPLAINT: 8/2/2023 – Deadline for Defendants to respond to the Complaint. 9/1/2023 – Deadline for Plaintiffs' Opposition to Defendants' Response. 9/15/2023 – Deadline for Defendants' Reply. (amm) (Entered: 07/18/2023) |
| 08/02/2023 | 71 | MOTION to Dismiss Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, TIMOTHY M CERIO, MANNY DIAZ, JR, |

| | | |
|---|---|---|
| | | AUBREY EDGE, PATRICIA FROST, EDWARD HADDOCK, JACK HITCHCOCK, KEN JONES, DARLENE LUCCIO JORDAN, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, CRAIG MATEER, DEANNA MICHAEL, JOSE OLIVA, RAYMOND RODRIGUES, STEVEN M SCOTT, ERIC SILAGY, STATE OF FLORIDA. (Internal deadline for referral to judge if response not filed earlier: **8/16/2023**). (Attachments: # 1 Exhibit) (PATEL, ANITA) (Entered: 08/02/2023) |
| 09/01/2023 | 72 | RESPONSE in Opposition re 71 MOTION to Dismiss *Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law* filed by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON. (Attachments: # 1 Exhibit A) (HART, BARBARA) (Entered: 09/01/2023) |
| 09/12/2023 | 73 | MOTION for Oral Argument re 71 MOTION to Dismiss *Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law*, 72 Response in Opposition to Motion, by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (HART, BARBARA) (Entered: 09/12/2023) |
| 09/15/2023 | 74 | REPLY MEMORANDUM TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT re 71 MOTION to Dismiss *Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law* filed by BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, TIMOTHY M CERIO, MANNY DIAZ, JR, AUBREY EDGE, PATRICIA FROST, EDWARD HADDOCK, JACK HITCHCOCK, KEN JONES, DARLENE LUCCIO JORDAN, BRIAN LAMB, ALAN LEVINE, CHARLES H LYDECKER, CRAIG MATEER, DEANNA MICHAEL, JOSE OLIVA, RAYMOND RODRIGUES, STEVEN M SCOTT, ERIC SILAGY, STATE OF FLORIDA. (PATEL, ANITA) Modified on 9/18/2023 to edit title (baf). (Entered: 09/15/2023) |
| 09/21/2023 | 75 | UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS – *Samuel Mukkibi* by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (MUKIIBI, SAMUEL) Modified on 9/22/2023 (baf). (Entered: 09/21/2023) |
| 09/26/2023 | 76 | NOTICE *of Supplemental Authority* by DEIDRICK DANSBY, BRITNEY DENTON, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS re 71 MOTION to Dismiss *Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law*, 72 Response in Opposition to Motion, (Attachments: # 1 Exhibit A) (HART, BARBARA) (Entered: 09/26/2023) |
| 09/27/2023 | 77 | DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY – by CHARLES H LYDECKER, DARLENE LUCCIO JORDAN, BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, RAYMOND RODRIGUES, TIMOTHY M CERIO, CRAIG MATEER, KEN JONES, PATRICIA FROST, BRIAN LAMB, ALAN LEVINE, EDWARD HADDOCK, STEVEN M SCOTT, JOSE OLIVA, JACK HITCHCOCK, DEANNA MICHAEL, STATE OF FLORIDA, AUBREY EDGE, ERIC SILAGY, MANNY DIAZ, JR. Modified to edit title 9/28/2023 (baf). (Entered: 09/27/2023) |
| 10/18/2023 | 78 | ORDER FOR ORAL ARGUMENT ON THE MOTION TO DISMISS – The plaintiffs' motion for oral argument, ECF No. 73 , is granted in part. By a separate notice, the clerk must set oral argument on the motion to dismiss for the first available date on or after November 8, 2023. The argument will be conducted by videoconference unless, by October 25, 2023, both sides request that it be conducted in person. Signed by JUDGE ROBERT L HINKLE on 10/18/2023. (baf) (Entered: 10/19/2023) |
| 10/20/2023 | 79 | NOTICE OF HEARING on 71 Motion to Dismiss (*to be conducted by video*): Oral Argument set for **11/8/2023 03:00 PM** before JUDGE ROBERT L HINKLE. A video link will be sent to counsel of record in a separate email. ***Please note each side will have 20 minutes for argument.*** |

| | | Members of the general public may join by telephone but must keep their phones muted:<br><br>Call in number: **888–684–8852**<br>Access code: **3243416#**<br>Security code: **1234#**<br><br>*Proceedings may not be recorded or otherwise broadcast for public dissemination.*<br><br>*s/ Cindy Markley*<br>Courtroom Deputy Clerk (ckm) (Entered: 10/20/2023) |
|---|---|---|
| 10/21/2023 | 80 | ORDER GRANTING LEAVE TO WITHDRAW–MUKIIBI – Attorney Samuel Mukiibi's unopposed motion for leave to withdraw, ECF No. 75 , is granted, effective immediately. Signed by JUDGE ROBERT L HINKLE on 10/21/2023. (baf) (Entered: 10/23/2023) |
| 11/08/2023 | 81 | Minute Entry for proceedings held before JUDGE ROBERT L HINKLE: Motion Hearing held on 11/8/2023. Court hears argument of counsel on Defendants' 71 Motion to Dismiss Plaintiffs' Second Amended Complaint. Ruling by Court: An order will follow (Court Reporter Kairisa Magee (USDC–Tallahassee)). (vkm) (Entered: 11/08/2023) |
| 11/22/2023 | 82 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Zoom Motion to Dismiss Proceedings held on 11/08/2023, before Judge Robert L. Hinkle. Court Reporter/Transcriber Kairisa J. Magee, Telephone number 850–329–5378.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **11/29/2023**. Release of Transcript Restriction set for **2/27/2024**. (kjm) (Entered: 11/22/2023) |
| 01/24/2024 | 83 | UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS *Irene R. Lax* by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. (LAX, IRENE) Modified title on 1/25/2024 (baf). (Entered: 01/24/2024) |
| 01/24/2024 | 84 | ORDER OF DISMISSAL – The motion to dismiss, ECF No. 71 , is granted. The clerk must enter judgment stating, "The plaintiffs' claims are dismissed with prejudice." The clerk must close the file. Signed by JUDGE ROBERT L HINKLE on 1/24/2024. (baf) (Entered: 01/25/2024) |
| 01/25/2024 | 85 | CLERK'S JUDGMENT pursuant to 84 ORDER OF DISMISSAL. (baf) ( 90 Day Exhibit Return Deadline set for **4/24/2024**) (Entered: 01/25/2024) |
| 02/01/2024 | 86 | ORDER GRANTING LEAVE TO WITHDRAW–LAX – Attorney Irene R. Lax's unopposed motion for leave to withdraw, ECF No. 83 , is granted, effective immediately. Signed by JUDGE ROBERT L HINKLE on 2/1/2024. (baf) (Entered: 02/01/2024) |
| 02/23/2024 | 87 | NOTICE OF APPEAL as to 84 Order, by DEIDRICK DANSBY, BRITNEY DENTON, JOHN DOE, ALEXANDER HARRIS, JACARI HESTER, FAYERACHEL PETERSON, NYABI STEVENS. ( Filing fee $605 Receipt Number AFLNDC–8639029.) (HART, BARBARA) (Entered: 02/23/2024) |
| 02/23/2024 | 88 | Appeal Instructions re: 87 Notice of Appeal : The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh–circuit–transcript–information–form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **3/8/2024**. (baf) (Entered: 02/23/2024) |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

BRITNEY DENTON, et al.,

                *Plaintiffs*,

    v.

THE BOARD OF GOVERNORS FOR THE STATE UNIVERSITY SYSTEM OF FLORIDA, et al.,

                *Defendants*.

**CLASS ACTION**

Jury Trial Demanded

No. 4:22-cv-00341-RH-MAF

### NOTICE OF APPEAL

Notice is hereby given that Plaintiff Britney Denton ("Plaintiff"), on her behalf and on behalf of the class she seeks to represent, hereby appeals to the United States Court of Appeals for the Eleventh Circuit, from the January 24, 2024 Order from the U.S. District Court for the Northern District of Florida (ECF No. 84; the "Order"), which granted the Motion to Dismiss (ECF No. 71); the Second Amended Complaint (ECF No. 66; the "Complaint") by Defendants, The Board of Governors for The State University System of Florida ("BOG"), Raymond Rodrigues as Chancellor of the State University System of Florida, Manny Diaz, Jr. as Commissioner of Education of the State of Florida, Brian Lamb, Eric Silagy, Timothy M. Cerio, Aubrey Edge, Patricia Frost, Edward Haddock, Jack Hitchcock, Ken Jones, Darlene Luccio Jordan, Alan Levine, Charles H. Lydecker, Craig Mateer,

Deanna Michael, Jose Oliva, Steven M. Scott, all named in their official capacities (collectively the "BOG Members"), and the State of Florida ("State," and with the BOG Members, "Defendants").

The Order directed the clerk to "enter judgment stating, 'The plaintiffs' claims are dismissed with prejudice.'" Order, at 28. On January 25, 2024, the Clerk entered judgment against Plaintiff pursuant to the Order (ECF No. 85; the "Judgment"). Plaintiff hereby provides notice of intent to appeal the dismissal with prejudice for failure to state a claim of all of Plaintiff's claims asserted in the Complaint pursuant to the Order and Judgment.

Dated: February 23, 2024    Respectfully submitted,

/s/ *Barbara J. Hart*
Barbara J. Hart, Esq.
Karin E. Fisch, Esq.
Braynard Brown, Esq.
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Fl.
New York, NY 10017
Phone: (646) 722-8500

Josh Dubin, Esq.
**JOSH DUBIN, P.A.**
201 S. Biscayne Blvd, Suite 1210
Miami, FL 33181
FL Bar Number 48865

*Attorneys for Plaintiff/Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

/s/ *Barbara J. Hart*
Barbara J. Hart, Esq.
Karin E. Fisch, Esq.
Braynard Brown, Esq.
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Fl.
New York, NY 10017
Phone: (646) 722-8500

Josh Dubin, Esq.
**JOSH DUBIN, P.A.**
201 S. Biscayne Blvd, Suite 1210
Miami, FL 33181
FL Bar Number 48865

*Attorneys for Plaintiff/Appellant*

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

BRITNEY DENTON et al.,

       Plaintiffs,

v.                          CASE NO. 4:22cv341-RH-MAF

THE BOARD OF GOVERNORS
FOR THE STATE UNIVERSITY
SYSTEM OF FLORIDA et al.,

       Defendants.

_____/

### <u>ORDER OF DISMISSAL</u>

This case presents a challenge to Florida's treatment of its only public historically black university, Florida Agricultural and Mechanical University ("FAMU"). The case is before the court on a motion to dismiss. This order grants the motion.

### I. Background

Prior to *Brown v. Board of Education*, 347 U.S. 483 (1954), the State of Florida, like many states, mandated racial segregation of public schools. *Brown* held the practice unconstitutional. In *United States v. Fordice*, 505 U.S. 717 (1992), the Court addressed the application of *Brown* to public colleges and universities. The Court said a state "may not leave in place policies rooted in its

prior officially segregated system that serve to maintain the racial identifiability of its universities if those policies can practicably be eliminated without eroding sound educational policies." *Id*. at 743.

The Court did not, however, mandate the elimination of historically black colleges and universities, widely known as "HBCUs." FAMU opened in 1887. It suffered racial discrimination in funding and other respects through the years. But today FAMU is a widely respected, major research university. At least insofar as alleged in this action, FAMU hires professors and admits students without regard to race. It has turned out generations of graduates—for decades, only blacks, but now, of all races and ethnicities. With understandable pride, FAMU retains its heritage as a historically black university.

The plaintiffs in this action are FAMU students. They seek to represent a class of "all Black students at FAMU at any time during the 2021/2022 school year through the date of class certification." The proposed class does not include white students at FAMU or black students at other state universities.

The three-count second amended complaint—the pleading now before the court—asserts a *Fordice* claim under Title VI of the Civil Rights Act of 1964 (count I), a *Fordice* claim under 42 U.S.C. § 1983 and the Fourteenth Amendment (count II), and a claim of racial discrimination separate and apart from *Fordice*

under § 1983 and the Fourteenth Amendment (count III). The plaintiffs seek declaratory and injunctive relief, not damages.

The defendants are the Board of Governors of the State University System, its members in their official capacities, and the State of Florida itself. The Board and the State are named only in count I. The Board members are named only in counts II and III.

The defendants have moved to dismiss for lack of standing and failure to state a claim on which relief can be granted. The motion also asserts the State, when sued in its own name, has sovereign immunity. This order dismisses the second amended complaint for failure to state a claim.

## II.  Standing

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), the Supreme Court said the "irreducible constitutional minimum of standing contains three elements." First, the plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. (cleaned up). Second, "there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."

*Id*. (cleaned up). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. (cleaned up).

The plaintiffs allege their own educations are being adversely affected by the racial discrimination they say FAMU is currently suffering. This is a sufficient allegation of a concrete and particularized injury that is both actual and imminent, not conjectural or hypothetical. The alleged injury is traceable to the State of Florida, which implements the allegedly discriminatory actions through the Board of Governors. And the alleged injury, if proven, would be redressable through an injunction requiring the defendants to take appropriate action—to treat FAMU and thus in turn its students in a manner complying with Title VI and the Fourteenth Amendment.

An injunction would need to be specific—a requirement the plaintiffs have not fully come to grips with to this point—but racial discrimination in public education has led to specific injunctions in the past and could, if warranted on the facts, do so here. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1 (1971).

In asserting the plaintiffs nonetheless lack standing for claims related to funding, the defendants focus on redressability. They say the Florida Legislature, not the Board of Governors or its members, made the challenged funding decisions and would have to appropriate the funds needed for any remedy. But injunctions

against unconstitutional conduct can and often do issue against executive officers, *see, e.g.*, *Ex parte Young*, 209 U.S. 123 (1908), even if their actions were mandated by a legislature. *See, e.g.*, *Brown*, 347 U.S. at 486 n.1 (describing the procedural background of consolidated cases, including those where state statutes mandated segregation but school officials were sued); *see also Greater Birmingham Ministries v. Sec'y of State for Ala.*, 992 F.3d 1299 (11th Cir. 2021) (holding that the plaintiffs had standing to sue the secretary of state to challenge a voting statute and rejecting the claim on the merits); *Common Cause/Georgia v. Billups*, 554 F.3d 1340 (11th Cir. 2009) (holding that the plaintiffs had standing to sue the secretary of state and local supervisors of elections to challenge a state statute but rejecting the claim on the merits).

Compliance with such an injunction often requires expenditure of funds. This was surely the case in *Swann* and dozens of other school cases. *See, e.g.*, *Milliken v. Bradley*, 433 U.S. 267, 289 (1977). Segregation of the kind at issue— that is, segregation mandated by law or, using the common Latin description, "de jure segregation"—is, by definition, mandated by law, often by legislatures. Affected individuals have standing to challenge unconstitutional action of this kind. *Brown* itself was such a case. So was *Fordice*. If, as the defendants' argument here would establish, a state could insulate racial discrimination simply by having the state legislature mandate it, the schools might still be segregated.

This is not a case in which the named defendants have no role in carrying out the challenged legislative action, including by spending appropriated funds. The Florida Legislature appropriates funds, but the Board of Governors spends them. If, as the plaintiffs allege, the expenditures are unconstitutional, an injunction against the Board's members can redress the violation.

In short, the plaintiffs have standing to pursue this action. There may be discrete portions of the plaintiffs' claims on which standing could again become an issue going forward—any standalone, non-*Fordice* claim involving the FAMU College of Law, for example—but it is not clear the plaintiffs assert any such standalone claim, and this is not a basis for dismissing any of the three counts at this time.

## III. Sovereign immunity

The State of Florida says it has sovereign immunity from the Title VI claim asserted in count I—the only claim asserted against the State in its name. The assertion is incorrect.

A state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). The same is true of sovereign immunity. *See Alden v. Maine*, 527 U.S. 706 (1999). But Congress has explicitly abrogated immunity from Title VI claims. *See Alexander v.*

*Sandoval*, 532 U.S. 275, 280 (2001) (recognizing that 42 U.S.C. § 2000d-7 "expressly abrogated States' sovereign immunity against suits brought in federal court to enforce Title VI").

 As the defendants note, Title VI applies only to discrimination "under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. But the statute defines "program or activity" to include a "public system of higher education." *Id*. § 2000d-4a(2)(A). The defendants could hardly deny that the State University System receives federal financial assistance, as does the State of Florida itself.

Not surprisingly, the Eleventh Circuit has allowed relief against a state in its own name in a Title VI action of this very kind. *See Knight v. Alabama*, 14 F.3d 1534 (11th Cir. 1994).

To be sure, a state program or activity's receipt of federal funds does not abrogate the state's immunity from claims asserting discrimination in *unrelated* programs or activities; the abrogation of immunity applies only to the program or activity that receives federal funds. But when a state program or activity receives federal funds, the state is not immune from a Title VI action asserting discrimination in that very program or activity. In this respect Title VI is the same as Title VII, under which hundreds of actions have gone forward against states in their own names. *See, e.g.*, *Connecticut v. Teal*, 457 U.S. 440 (1982); *Tynes v. Fla.*

*Dep't of Juv. Just.*, 88 F.4th 939 (11th Cir. 2023); *Cross v. Alabama*, 49 F.3d 1490

(11th Cir. 1995); *Allen v. Ala. State Bd. of Educ.*, 816 F.2d 575 (11th Cir. 1987).

In asserting the contrary, the defendants rely on *McMullen v. Wakulla*

*County Board of County Commissioners*, 650 F. App'x 703 (11th Cir. 2016). There

the court addressed the Rehabilitation Act, which, like Title VI, applies to a

"program or activity" that receives federal funds. The plaintiff asserted the

defendant county received federal funds so could be held liable for disability

discrimination in the county's volunteer fire department, even though the fire

department itself received no federal funds. The Eleventh Circuit disagreed. The

holding is correct but inapplicable here, because here, unlike in *McMullen*, the

plaintiffs challenge conduct within a program or activity—the State University

System—that itself receives federal funds. The same analysis applies to the out-of-

circuit cases on which the defendants rely; like *McMullen*, they recognize only that

a state or county cannot be held liable for conduct within a program or activity that

does not itself receive federal funds. *See* Mot. to Dismiss, ECF No. 71, at 25–26.

It makes little if any practical difference whether count I proceeds against

the Board of Governors or the State of Florida in its own name or both. But the

plaintiffs have elected, and are entitled, to proceed against both.

#### IV.  Standards on a motion to dismiss for failure to state a claim

To survive a motion to dismiss for failure to state a claim on which relief can be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id*. at 557. The complaint must set out facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id*. at 569 n.14.

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168–69 (1993).

## V.  Merits

### A.  Fordice, Title VI, and the Fourteenth Amendment

*Fordice* requires elimination of vestiges of de jure segregation in a state's system of higher education. This means elimination of policies and practices that are (1) traceable to de jure segregation and (2) for which there is no sound educational justification. The requirement stems from both Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment. Binding circuit decisions applying *Fordice* include *Knight v. Alabama*, 14 F.3d 1534 (11th Cir. 1994), and *Ayers v. Fordice*, 970 F.2d 1378 (5th Cir. 1992).

Separate and apart from *Fordice*, the Fourteenth Amendment prohibits intentional racial discrimination in public education, without any requirement for a nexus to past de jure segregation.

### B.  Survival of HBCUs

States must eliminate the vestiges of de jure segregation, but de jure segregation happened, and the world will never be as it otherwise would have been. HBCUs must now be open to students of all races, but HBCUs are here to stay, and rightly so. *Fordice* does not require elimination of HBCUs or their merger with historically white institutions, even if HBCUs would not have come into existence at all absent de jure segregation.

Anyone familiar with the history of racial segregation in public education knows the important role HBCUs have played and the justifiable pride they have engendered. None more so than FAMU. In his *Fordice* concurrence, Justice Thomas explained it this way:

> [W]e do not foreclose the possibility that there exists "sound educational justification" for maintaining historically black colleges *as such*. Despite the shameful history of state-enforced segregation, these institutions have survived and flourished. Indeed, they have expanded as opportunities for blacks to enter historically white institutions have expanded. Between 1954 and 1980, for example, enrollment at historically black colleges increased from 70,000 to 200,000 students, while degrees awarded increased from 13,000 to 32,000.

505 U.S. at 748 (Thomas, J., concurring) (emphasis in original).

Justice Thomas noted that HBCUs "are both a source of pride to blacks who have attended them and a source of hope to black families who want the benefits of higher learning for their children." *Id*. (quoting Carnegie Commission on Higher Education, *From Isolation to Mainstream: Problems of the Colleges Founded for Negroes* 11 (1971)).

FAMU was founded in 1887. It has turned out graduates at all levels, from baccalaureate to doctoral degrees. Its current mission statement, while noting its commitment to diversity, also notes its heritage as an HBCU. That FAMU's history is rooted in Florida's shameful practice of de jure segregation enhances—it does not diminish—FAMU's justifiable pride in having survived that era and

having served a community in need, then as now. The plaintiffs seem to take issue

with the mission statement, but their position on this rings hollow; few advocates

of racial justice assert the solution is to whitewash the history of racial injustice.

The plaintiffs do not assert that when *Brown* ended de jure segregation,

FAMU should have been closed or merged with its cross-town neighbor, Florida

State University ("FSU"). To the contrary, the plaintiffs assert a merger was the

"most damaging proposal" that surfaced at that time. Second Am. Compl., ECF

No. 66 at 10 ¶ 12. Nor do the plaintiffs assert FSU should have been closed. At that

time, Florida had three public universities—FAMU, FSU, and the University of

Florida ("UF")—all with a broad array of degree programs at all levels.

This was a marked contrast with the Mississippi system of higher education

at issue in *Fordice*. Mississippi, with a smaller population, had eight public

universities, five white and three black. When *Brown* and later Title VI established

that the universities could no longer be segregated by law, little changed. The state

kept all eight universities open, complete with many unnecessarily duplicative

programs, and all the universities remained almost entirely segregated. The

Supreme Court said the duplication of programs was a vestige of the segregated

system. In addition, the three black universities had limited missions; only three

traditionally white, "comprehensive" universities had broad missions of the kind

associated with most public universities across the country. Retaining that system

was unlikely to eliminate vestiges of de jure segregation, even when legal barriers to admission ended.

The same cannot be said of Florida's decision to maintain the three major public research universities serving Florida's larger and rapidly growing population. All three had existed since the 1800s. Far from having too many universities, Florida had, if anything, too few.

Florida's population has grown from 3.5 million in 1954 to more than 22 million today.[1] FAMU, FSU, and UF have all grown; each has a student body much larger than in 1954. At least insofar as alleged in the second amended complaint, they all admit students and hire faculty without regard to race and have done so for decades.

In addition, Florida has added nine new public universities, all comprehensive. None was ever segregated by law. The plaintiffs refer to the nine as traditionally white, but they are not; they are traditionally diverse. The second

---

[1] *See* U.S. Dep't of Commerce, Bureau of the Census, *Statistical Abstract of the United States* 14 (§ 1 chart no. 10) available at https://www2.census.gov/library/publications/1955/compendia/statab/76ed/1955-02.pdf#[0,{%22name%22:%22FitR%22},-174,105,580,537]; *see also* U.S. Bureau of the Census, *Annual Estimates of the Resident Population for the United States, Regions, States, District of Columbia, and Puerto Rico: April 1, 2020 to July 1, 2022*, data table available at https://www.census.gov/newsroom/press-kits/2022/2022-national-state-population-estimates.html.

amended complaint does not allege that any of the nine has ever discriminated based on race or ethnicity in the admission of students or hiring of faculty.

All twelve of Florida's public universities have racially diverse faculties and student bodies with substantial numbers of whites, blacks, and other minorities. The second amended complaint does not allege the contrary.

### C. Racial demographics

The twelve universities are not, however, demographically the same.

After *Brown*, racial demographics in public grade schools—kindergarten through twelfth grade—drew considerable attention. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1 (1971); *Green v. Cnty. Sch. Bd. of New Kent Cnty.*, 391 U.S. 430 (1968). This made sense: in states that were resisting *Brown*'s mandate, geographic boundaries could be drawn or other systems implemented to perpetuate segregation almost as effectively as prior law. Demographics—the comparative racial populations of individual schools—were a useful measure of a state's progress in eliminating vestiges of de jure segregation.

Even so, demographic differences were not necessarily a vestige of de jure segregation. In *Freeman v. Pitts*, 503 U.S. 467 (1992), an issue was whether a county school system had achieved unitary status on matters including the racial composition of the system's various schools—a subject on which residential demographics played a critical role. The Supreme Court recognized that a school

system can achieve unitary status even when racial imbalance in student bodies

persists. The Court said:

> In one sense of the term, vestiges of past segregation by state
> decree do remain in our society and in our schools. Past wrongs to
> the black race, wrongs committed by the State and in its name, are
> a stubborn fact of history. And stubborn facts of history linger and
> persist. But though we cannot escape our history, neither must we
> overstate its consequences in fixing legal responsibilities. The
> vestiges of segregation that are the concern of the law in a school
> case may be subtle and intangible but nonetheless they must be so
> real that they have a causal link to the de jure violation being
> remedied. It is simply not always the case that demographic forces
> causing population change bear any real and substantial relation to
> a de jure violation. And the law need not proceed on that premise.
> As the de jure violation becomes more remote in time and these
> demographic changes intervene, it becomes less likely that a
> current racial imbalance in a school district is a vestige of the prior
> de jure system. The causal link between current conditions and the
> prior violation is even more attenuated if the school district has
> demonstrated its good faith.

*Id.* at 495–96.

Demographics provide insight—but not nearly as much—for colleges and

universities. Unlike grade-school students, college applicants can and often do

choose schools far from home; geography is not as limiting. *See Fordice*, 505 U.S.

at 728–29. An applicant with a parent or sibling who went to college can choose

the same school or a different one, sometimes for that very reason. An applicant

who will be the first in the family to attend college can choose a school that has

educated a higher or lower proportion of such students, sometimes for that very

reason. An applicant can consider a school's cost and the average wealth of other

students. And an applicant can consider a school's demographics, perhaps choosing a school with more—or fewer—other students of the same race or ethnicity. These and myriad other factors affect a school's demographics.

That an HBCU has a disproportionate share of black students is hardly surprising and, without more, does not suggest a state currently maintains policies or practices traceable to de jure segregation.

The second amended complaint does not include systemwide demographic statistics of the kind addressed in most cases of this kind, including *Fordice*. *See id.* at 724–25. Instead, the second amended complaint has demographic statistics for FAMU and FSU. It alleges that FAMU's student body is 83.4% black and 8.1% white, with the balance consisting of other minorities or students whose race or ethnicity is unknown. It alleges FSU's student body is 56.3% white, 20.7% Hispanic, 10.3% Asian, and 9.2% black, with the balance consisting of other minorities or students whose race or ethnicity is unknown. These statistics show two things: first, that there is a significant difference in the race or ethnicity of students who choose to attend FAMU or FSU; and second, that both universities have racially diverse student bodies. This is worlds apart from the situation in Mississippi addressed in *Fordice*.

That FAMU has a far greater percentage of blacks does not suggest Florida currently maintains a policy or practice relating to admissions that is traceable to

de jure segregation. An equally or more plausible alternative explanation, in line with Justice Thomas's *Fordice* concurrence, is that FAMU is a source of pride and inspiration, especially among blacks, not only for its many educational accomplishments—it is a major research university with a record to match—but also for its role as a historically black university. As *Twombly* teaches, when the facts alleged in a complaint are as consistent with an innocent explanation as with an actionable one, the complaint fails to state a claim on which relief can be granted. *See Twombly*, 550 U.S. at 554; *Doe v. Samford Univ.*, 29 F.4th 675, 685–86, 698 (11th Cir. 2022); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

The plaintiffs fare no better based on their allegations about retention and graduation rates. As the plaintiffs themselves note, FAMU draws a disproportionate share of students from challenging socio-economic or educational backgrounds. The second amended complaint does not allege facts adequately tracing this to de jure segregation. And the second amended complaint does not allege facts inconsistent with the alternative explanation that FAMU draws a disproportionate share of such students because of FAMU's willingness to accept them and its success through the years in educating them. That FAMU's retention and graduation rates are lower suggests neither that FAMU has done a poor job

educating its students nor that FAMU has suffered intentional racial discrimination.

The plaintiffs also fare no better based on their allegations about the racial composition of faculties and the Board of Governors. The second amended complaint alleges no facts that would support a finding that any of Florida's twelve public universities have intentionally discriminated in the selection of their current faculty members. Or that members of the Board of Governors have been selected based on race. The second amended complaint's allegations on these matters do not suggest any failure to eliminate vestiges of de jure segregation.

In sum, there are demographic differences in the student bodies and faculties of Florida's twelve public universities. But the second amended complaint does not adequately trace the differences to de jure segregation, exclude alternative explanations, or allege facts that would support a finding that the differences result from intentional racial discrimination. The second amended complaint does not state a claim on this basis.

### D. The funding formula

In 2014—now ten years ago—Florida adopted the funding formula that still applies to all twelve state universities. *See* Fla. Stat. § 1011.905; *see also* Second Am. Compl., ECF No. 66 at 68 ¶ 167. As the second amended complaint

acknowledges, the formula is facially neutral, relying on measurable criteria

including such things as retention and graduation rates and employment results.

The plaintiffs assert the formula is unfair to FAMU, which draws a

disproportionate share of students with educational and socio-economic

backgrounds making it more difficult to succeed in college. The assertion is not

without force. But the second amended complaint alleges no facts that would

support a finding that the formula is either (1) traceable to the de jure segregation

that ended decades ago or (2) a result of intentional racial discrimination.

The formula may have a racially disparate impact. This is so because, at

least according to the second amended complaint, the formula allocates less

funding per student to FAMU than to universities with a lower percentage of black

students. But the Supreme Court has squarely held that Title VI does not create a

private right of action based on disparate impact. *See Alexander v. Sandoval*, 532

U.S. 275 (2001). And the same is true under the Fourteenth Amendment and 42

U.S.C. § 1983. *See, e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429

U.S. 252, 266 (1977); *Greater Birmingham Ministries v. Sec'y of State for Ala.*,

992 F.3d 1299, 1321 (11th Cir. 2021).

If the funding formula was a vestige of de jure segregation, it would be the

defendants' burden to show the formula is sound educational policy, and dismissal

would not be appropriate. But the second amended complaint alleges no facts that

would support a finding that the formula is a vestige of de jure segregation. The plaintiffs cannot prevail on this basis.

### E.  Private contributions

It is an unfortunate fact that racial discrimination in society persists, including in, among other things, pay. On average, whites are and long have been paid more than blacks. The second amended complaint does not allege—but one can reasonably posit—that on average, FSU and UF graduates have been paid more through their careers than FAMU graduates, often for no reason other than race. And FSU and UF have always had larger student bodies and thus more graduates. It is hardly surprising that, as the plaintiffs allege, FSU and UF have amassed larger endowments from private contributions through the years.

At least historically, the State of Florida has had a part in perpetuating the racial discrimination that persists in society. But *Fordice* addresses policies and practices governing a state's colleges and universities, not discrimination in society at large. *See Ayers v. Fordice*, 111 F.3d 1183, 1223 (5th Cir. 1997) (stating the focus under *Fordice* is "on the traceability of policies and practices that result in funding disparities rather than the traceability of the disparities themselves."). A state could reasonably choose to true-up financial support for universities to account for differences in private contributions, past or present. But *Fordice*, Title VI, and the Fourteenth Amendment do not require a state to do so.

### F.  Comparative programs

Florida's twelve public universities are not clones of one another. There is substantial duplication—all have basic studies of a kind traditionally part of any college education, and all have overlapping degree programs—but there are also differences. FAMU, for example, has a pharmacy school; FSU does not.

The plaintiffs say program duplication is a vestige of de jure segregation. That was surely true at the outset; the very reason FSU and FAMU both existed in the same city was de jure segregation. *See Fordice*, 505 U.S. at 738 ("It can hardly be denied that such duplication was part and parcel of the prior dual system of higher education.") But *Fordice* did *not* say that all duplication *remains* a vestige of the dual system. *Fordice* instead focused on "*unnecessary* program duplication." *Id*. at 739, 741 (emphasis added). The burden of proving that a state has dismantled its dual system is on the state, *see id*. at 738–39, but that does not relieve a plaintiff of the obligation, at the pleading stage, to allege facts plausibly supporting a claim—including by alleging facts inconsistent with obvious alternative explanations for any program duplication.

As set out above, *Brown* and *Fordice* did not require merger of FSU and FAMU or the elimination of either. That now, 70 years after *Brown*, FSU and FAMU both offer basic math classes and degrees in accounting—and a host of other disciplines—can hardly be characterized as an impermissible vestige of de

jure segregation. These are standalone, major research universities with their own individual existence, course offerings, and degree programs.

The plaintiffs complain that FAMU has too few unique, high-demand programs—programs not available at any of the eleven other state universities. But asked at oral argument for an example of any program FAMU is lacking—any program the plaintiffs assert FAMU does not offer today because of the prior de jure segregation or current intentional discrimination—the plaintiffs could come up with none. *See* Hr'g Tr., ECF No. 82 at 27–30. FSU and UF have larger student bodies than FAMU and offer more courses, but the second amended complaint alleges no facts that would support a finding that this is traceable to de jure segregation or intentional racial discrimination.

There is substantial duplication among all twelve of Florida's public universities. And there are differences. Of critical importance, all twelve are open to students of all races and ethnicities. This has now been true for decades. An African American student who wishes to pursue a degree available at any of the twelve universities may do it, subject only to the same admission standards applicable to students of all races and ethnicities. Title VI and the Fourteenth Amendment protect students, not universities separate and apart from their students. FAMU is not a plaintiff in this action and has no standalone right to offer

as many courses of study—unique, high-demand, or otherwise—as the state's other public universities.

### G. The College of Engineering

Prior to and continuing into 1982, FAMU offered degree programs in engineering. FSU did not. In that year the universities established a joint College of Engineering, replacing FAMU's separate program. The joint college is located near, but not on, the campuses of FAMU and FSU. College of Engineering students can enroll in, and obtain a degree from, either FAMU or FSU.

The plaintiffs assert this is somehow a vestige of de jure segregation. It is not. The College of Engineering is a joint operation of universities that decades ago were segregated. Merging previously segregated programs to create a single, wholly integrated successor is one way to eliminate—not maintain—vestiges of de jure segregation. This is precisely the opposite of the approach Mississippi took and *Fordice* called into question—the approach of maintaining wholly separate, persistently segregated institutions.

That FSU did not have its own engineering school when the joint college was created does not change the analysis. FAMU had no vested interest in precluding FSU from offering courses or degrees in engineering. Having a joint college of engineering, rather than separate ones, was fully consistent with *Fordice* and was nondiscriminatory, whether or not FSU previously had a college of

engineering. The plaintiffs' apparent contention that FSU should not have been allowed to have engineering students at all is inconsistent with this uncontested holding: neither *Fordice* nor the Fourteenth Amendment required the merger, elimination, or kneecapping of FAMU or FSU. Both were and are entitled to exist and thrive as major research universities.

The joint College of Engineering is not a vestige of de jure segregation. And the second amended complaint alleges no facts that would support a finding of intentional racial discrimination in the creation or operation of the College.

### H. The Colleges of Law

When *Brown* was decided, Florida had two public colleges of law, one at UF for whites only and one at FAMU for blacks only. Even after *Brown*, the Florida Supreme Court refused to order admission of a qualified black applicant to the UF College of Law. *See State ex rel. Hawkins v. Bd. of Control*, 83 So. 2d 20 (Fla. 1955). The history is shameful. It is also past.

In the mid-1960s, Florida opened a new college of law at FSU and closed FAMU's. Even if not a vestige of de jure segregation, the closure of FAMU's college of law was caused, at least in part, by intentional racial discrimination. Or so a reasonable factfinder could conclude. This history, too, is past.

FAMU opened a new college of law in 2000—almost 24 years ago. For more than two decades, FAMU has again had a college of law. Even if the

plaintiffs could successfully challenge the closure of FAMU's college of law in this action, no further relief would be available—the closure has already been remedied.

Florida now has four public colleges of law—at FAMU, FSU, UF, and Florida International University. The second amended complaint does not allege that any of the four engages in racial discrimination in the hiring of faculty or admission of students or has done so in the last 60 years. To the contrary, all four have diverse faculties and student bodies. That there are four public colleges of law, up from two when *Brown* was decided, is not a vestige of de jure segregation or the result of intentional racial discrimination.

The plaintiffs also complain that FAMU's College of Law is in Orlando, remote from FAMU's main campus in Tallahassee. FAMU is not the only university whose law school is remote from its main campus—Stetson in Florida and Fordham in New York come to mind—and the second amended complaint alleges no facts suggesting the placement resulted from racial discrimination or was disadvantageous for FAMU. Orlando has no other law school, is larger than Tallahassee, and is closer to more of the state's other major cities—all circumstances the Legislature or FAMU administration could have viewed as good reasons to place the FAMU College of Law there.

To the extent the plaintiffs' complaint is that FSU has a law school at all, the complaint still falls short. The FSU College of Law came into existence after de jure segregation ended and, at least to the extent alleged in the second amended complaint, has never engaged in racial segregation in hiring faculty or admitting students. The existence of the FSU College of Law has caused the plaintiffs no harm.

## I.  *Land-grant funding*

Congress adopted Morrill Land-Grant Acts in 1862 and 1890. The 1862 Act provided public lands to states on the condition that the lands be sold and the proceeds used for universities teaching agricultural and mechanical arts. *See* 7 U.S.C. §§ 301, 304. The 1890 Act provided funds, not land, for the same purpose, but the "land grant" nomenclature was carried forward.  *See id.* § 322.

Acting under the 1862 Act, Florida established UF as its first land-grant institution. At that time, only whites could attend UF. The 1890 Act prohibited a state from using land-grant funds for a whites-only university unless the state established a second land-grant university not limited to whites. 7 U.S.C. § 323. So Florida designated FAMU as its second land-grant university.

The second amended complaint alleges, and the defendants apparently agree, that federal law now requires a state to match federal funding dollar-for-dollar for its first land-grant university—that is, for an 1862 institution—but allows the state

to match federal funding at just 50% for a second land-grant university—that is, for an 1890 institution. *See* Second Am. Compl., ECF No. 66 at 63–64 ¶ 150. The parties have not cited the statutes or rules imposing these requirements. The source of the requirement for a 100% match for an 1862 institution apparently is 7 U.S.C. § 361c(d). The sources of the requirement for at least a 50% match for an 1890 institution apparently are 7 U.S.C. § 3222d(c) (requiring a 100% match) and 7 U.S.C. § 3222d(d) (allowing a waiver above 50% if the United States Secretary of Agriculture "determines that the State will be unlikely to satisfy the matching requirement").

By rule, the criteria to obtain a waiver above 50% are impacts from a natural disaster, a financial crisis, or a lack of matching funds despite good-faith efforts to obtain them. *See* 7 C.F.R. § 3419.3(c). The second amended complaint does not explain how Florida meets these criteria, but Florida has apparently obtained a waiver. The second amended complaint alleges that since 2011, Florida has matched 100% of federal land-grant funding for UF but has matched only 50% of federal land-grant funding for FAMU.

The second amended complaint does not adequately trace this disparity to de jure segregation. First, the second amended complaint alleges no facts inconsistent with the defendants' assertion that the disparity simply reflects Florida's decision to match federal funding only to the extent required by federal law. Second, the

second amended complaint explicitly alleges that the current disparity has existed

since 2011—decades after de jure segregation ended. Second Am. Compl., ECF

No. 66 at 64 ¶ 152. Third, had there been no de jure segregation, FAMU likely

would not be a land-grant institution at all and thus likely would receive no land-

grant funding—just as ten other Florida public universities, including FSU,

apparently receive no land-grant funding. Nothing in the second amended

complaint is to the contrary.

The second amended complaint also does not state a land-grant claim on

which relief can be granted separate and apart from *Fordice*. This is so because the

second amended complaint alleges no facts that would support a finding that the

difference in matching implemented in 2011 is the result of intentional racial

discrimination. As set out above, disparate impact is not enough.

In sum, the plaintiffs' land-grant allegations do not state a claim on which

relief can be granted.

## VI.    Conclusion

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 71, is granted. The clerk must enter

judgment stating, "The plaintiffs' claims are dismissed with prejudice." The clerk

must close the file.

SO ORDERED on January 24, 2024.

s/Robert L. Hinkle
United States District Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

BRITNEY DENTON et al.,

      Plaintiff,

v.                          Case No.: 4:22-cv-00341-RH-MAF

BOARD OF GOVERNORS FOR
THE STATE UNIVERSITY
SYSTEM OF FLORIDA et al.,

      Defendant.

_____/

## JUDGMENT

    The plaintiffs' claims are dismissed with prejudice.

                          JESSICA J LYUBLANOVITS,
                          CLERK OF COURT

January 25, 2024            s/ *Bryston Ford*
DATE                         DEPUTY CLERK